THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ISRAEL VELEZ, Appellant.—Judgment, Supreme Court, Bronx County (Ivan Warner, J., at hearing, trial and sentence), rendered April 2, 1986, convicting defendant, after a jury trial, of robbery in the first degree and robbery in the second degree and sentencing him to concurrent indeterminate prison terms of from 4 to 12 years and 3 to 9 years, unanimously affirmed.

Immediately after the robbery, the complainant went to the police station, where he provided detailed descriptions of the two perpetrators, including a description of a male Hispanic wearing a dark sweatshirt with a hood pulled over his head. From a photographic array, the complainant chose a photograph of defendant which showed him wearing a dark sweatshirt with a hood. The other photographs which the complainant looked at were not introduced at the *Wade* hearing. Two weeks after the complainant identified defendant from the photographic array, he identified defendant from a lineup of six individuals in which defendant was the only person wearing a dark sweatshirt with a hood. Although we believe that the out-of-court identification procedures were unduly suggestive, any error in admitting the out-of-court identifications must be deemed harmless since there was an independent source for the complainant's in-court identification *(People v Owens,* 74 NY2d 677, 678). Furthermore, we reject defendant's argument that he was deprived of a fair trial by the admission of his arrest photographs and by the complaining witness's exhibition of aggressive behavior towards the defendant.

Defendant's argument that the court's instructions on identification were inadequate and confusing is unpreserved for appellate review (CPL 470.05). In any case, although the court erroneously told the jury that defendant's identity "must be shown with sufficient certainty to preclude a reasonable possi-

'bility of mistake", this one reference to an inappropriate standard was harmless given that the court's identification charge as a whole conveyed the correct principles *(People v Perez,* 164 AD2d 839, *lv granted* 76 NY2d 898).

Finally, since defendant was an accessory to forceful robbery, it cannot be said that his sentence, far less than the maximum sentence, was excessive. Concur—Murphy, P. J., Milonas, Ross, Asch and Rubin, JJ.