■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILFREDO VASQUEZ, Appellant.—Judgment, Supreme Court, Bronx County (Ivan Warner, J.), rendered January 16, 1990, convicting defendant of robbery in the first degree, and sentencing him to an indeterminate term of imprisonment of from 12 years to life, unanimously affirmed.

Defendant and an accomplice robbed the owners of a bodega at gunpoint. Defendant, who had patronized the store in the past, was known to the victims. Defendant argues that the trial court diminished the proper burden of proof by charging the jury that identity must be established "with sufficient certainty to preclude a reasonable possibility of a mistake". This argument is unpreserved, as a matter of law (CPL 470.05 [2]), and we decline to review it in the interest of justice. Were we to consider the issue, we would nevertheless affirm. We have previously held that although this language constitutes error (People v Velez, 169 AD2d 661; see also, People v Reyes, 151 AD2d 435, 438 [" 'reasonable certainty' "]), the error will be considered harmless where the charge as a whole conveys the proper legal standard, i.e., proof beyond a reasonable doubt (People v Velez, supra; People v Vasquez, 176 AD2d 444). Here, the trial court repeatedly charged the applicable standard, that of proof beyond a reasonable doubt, with respect to both the People's burden of proof in general, and with respect to the identification evidence, in particular.

Further, the court's instructions, as raised in the pro se brief, were proper and merely clarified the concepts of acting in concert and constructive possession of a weapon and did not take the fact finding function from the jury. Concur—Murphy, P. J., Wallach, Kupferman and Ross, JJ.