■ MITCHEL WEISER et al., Appellants, v COLLEEN F. DALBO et al., Respondents.—Mercure, J. Appeal from a judgment of the Supreme Court (Torraca, J.), entered January 7, 1991 in Ulster County, upon a verdict rendered in favor of defendants.

Plaintiffs commenced this action to recover for personal injuries sustained by plaintiff Mitchel Weiser as the result of an automobile accident which occurred at approximately noon

on March 15, 1988 at the intersection of Pine Street and Saint James Street in the City of Kingston, Ulster County. Traffic on Pine Street was controlled by a stop sign. There was no traffic control device on Saint James Street. The testimony of defendant Colleen F. Dalbo indicated that she was driving her automobile on Pine Street, stopped at the stop sign and then inched forward into Saint James Street to permit her to see around parked cars. After looking both ways and seeing no oncoming traffic, she proceeded into the intersection. At the same time, defendant Charles J. White, Sr. was driving his vehicle on Saint James Street, proceeding from Dalbo's right. Immediately after White entered the intersection, his vehicle was struck on the rear driver's side by the Dalbo vehicle. The impact propelled White's car sideways into Weiser's parked vehicle and then into a house. Weiser, in the process of exiting his automobile at the time of the impact, was thrown against the open door of his car and then onto the street, causing him to sustain various injuries. At the conclusion of the trial, the jury rendered a verdict in favor of defendants, finding that neither of them was negligent. Supreme Court denied plaintiffs' motion to set aside the verdict in favor of Dalbo and entered judgment dismissing the complaint. Plaintiffs now appeal.

Although we do not disagree with the jury's finding that White was not negligent, we are compelled to conclude that, upon the record as a whole, the verdict in favor of Dalbo is against the weight of the credible evidence and must be set aside (see, CPLR 4404 [a]). The proof established Dalbo's violation of Vehicle and Traffic Law § 1142 (a) or § 1172 (a) by proceeding into the intersection without yielding the right-of-way to White (see, Olsen v Baker, 112 AD2d 510, 511, lv denied 66 NY2d 604; Kasna v Rodriguez, 84 AD2d 782, 783). That violation constituted negligence as a matter of law and could not be disregarded by the jury (see, Goode v Meyn, 165 AD2d 436, 438). Moreover, Dalbo breached her common-law duty " 'to see what by the proper use of her senses she might have seen' " (Olsen v Baker, supra, at 511, quoting Weigand v United Traction Co., 221 NY 39, 42; see, Bartholomew v New York Tel. Co., 35 AD2d 767). Accordingly, Supreme Court erred in denying plaintiffs' motion to set aside the verdict in favor of Dalbo.

Because there will be another trial, we note our agreement with plaintiffs that Supreme Court's jury instructions with respect to the effect of a statutory violation were confusing. Supreme Court should take care to separate the issues of

negligence and proximate cause and to advise the jury that the unexcused violation of a traffic statute is negligence *(see, Gamar v Gamar,* 114 AD2d 487, 488).

Mikoll, J. P., Yesawich Jr., Levine and Harvey, JJ., concur. Ordered that the judgment is modified, on the law, with costs to plaintiffs against defendant Colleen F. Dalbo, by reversing so much thereof as dismissed plaintiffs' complaint against said defendant; matter remitted to the Supreme Court for a new trial against said defendant; and, as so modified, affirmed.