■ SUZANNE SIC, Respondent, v EDWARD T. MORAN, Appellant. [617 NYS2d 182] —In an action to recover damages for personal injuries, the defendant appeals from an interlocutory judgment of the Supreme Court, Nassau County (O'Brien, J.), dated March 2, 1993, as amended by judgment entered September 13, 1993, which, upon granting the plaintiff's motion for an order setting aside the jury verdict on the issue of liability in the defendant's favor, is against the defendant and in favor of the plaintiff on the issue of liability, and, in effect, directs a trial on the issue of the plaintiff's comparative negligence.

Ordered that the interlocutory judgment as amended is modified, on the law and the facts, by deleting the provision thereof which is in favor of the plaintiff and against the defendant on the issue of the defendant's liability; as so modified, the interlocutory judgment as amended is affirmed, and the matter is remitted to the Supreme Court, Nassau County, for a new trial, with costs to abide the event.

The judgment appealed from may properly be affirmed only if "there [was] simply no valid line of reasoning and permissible inferences which could possibly [have led] rational men to the conclusion reached by the jury" *(Cohen v Hallmark Cards,* 45 NY2d 493, 499; *see also, Mirand v City of New York,* 84 NY2d 44; *Nicastro v Park,* 113 AD2d 129). The fact that the defendant was executing, or had just executed, a left-hand turn at the time of the impact does not, by itself, establish that he was negligent as a matter of law *(see, e.g., Rice v Massalone,* 160 AD2d 861). We find that the jury may rationally have decided that the plaintiff failed to meet her burden of proving negligence on the part of the defendant *(see, Nicastro v Park, supra,* at 134), and we therefore conclude that the Supreme Court erred insofar as it held that the defendant was negligent as a matter of law.

Although we do not agree with the Supreme Court that the plaintiff was entitled to judgment in her favor as a matter of law, we do agree that the jury's verdict in favor of the defendant on the question of his liability was contrary to the weight of the evidence as a matter of fact (CPLR 4404; *Cohen v Hallmark Cards,* 45 NY2d 493, *supra; Nicastro v Park,* 113 AD2d 129, *supra).* We therefore affirm so much of the judg-

ment appealed from as, in effect, directed a new trial. The new trial to be conducted herein should be addressed both to the issue of the defendant's negligence, and to the issue of the plaintiff's comparative negligence. The judgment appealed from is modified accordingly. Mangano, P. J., Bracken, Santucci and Friedmann, JJ., concur.