■ Joseph P. Mills, Sr., Respondent, v Salomea E. R. Mills, Appellant. [637 NYS2d 314] —Appeal by the defendant from an order of the Supreme Court, Dutchess County (Beisner, J.), entered April 29, 1994.

Ordered that the order is affirmed, with costs, for reasons stated by Justice Beisner at the Supreme Court. O'Brien, J. P., Sullivan, Copertino and Joy, JJ., concur.

■ Ibar Mohamed et al., Respondents-Appellants, v Ralph F. Frische, Appellant-Respondent. [636 NYS2d 859] —In an action to recover damages for personal injuries, etc., the defendant appeals from so much of an order of the Supreme Court, Queens County (Lerner, J.), dated September 9, 1994, as granted the branch of the plaintiffs' motion which was to set aside the verdict in his favor as against the weight of the evidence, and the plaintiffs cross appeal from so much of the same order as denied the branch of their motion which was for judgment in their favor as a matter of law and ordered a new trial.

Ordered that the order is affirmed, without costs or disbursements.

The Supreme Court properly granted the branch of the plaintiffs' motion which was to set aside the verdict as against the weight of the evidence. The jury could not have found that the defendant was wholly free from negligence based on any fair interpretation of the evidence (see, Nicastro v Park, 113 AD2d 129, 134). The evidence establishes that the plaintiffs' automobile hit the defendant's automobile broadside in the middle of an intersection. The defendant's approach to the intersection was controlled by a stop sign, and the plaintiff had the right of way. The jury disregarded the credible evidence that the defendant violated Vehicle and Traffic Law § 1142 (a) and § 1172 (a) by failing to yield to the plaintiffs' approaching vehicle and that he failed to see that which he should have seen with the proper use of his senses (see, Milka v Hernandez, 187 AD2d 1031; Weiser v Dalbo, 184 AD2d 935; see also, Olsen v Baker, 112 AD2d 510).

Contrary to the plaintiffs' contention, the Supreme Court did not err by denying the branch of their motion which was for judgment in their favor as a matter of law and by ordering a new trial (see, Cohen v Hallmark Cards, 45 NY2d 493; Sic v Moran, 208 AD2d 607). O'Brien, J. P., Sullivan, Copertino and Joy, JJ., concur.