■ NICHOLAS DELLAVECCHIA et al., Respondents, v TAMMI ZORROS et al., Appellants. [647 NYS2d 291] —In an action to recover damages for personal injuries, etc., the defendants appeal from an order of the Supreme Court, Kings County (Greenstein, J.), dated June 29, 1995, which, upon a jury verdict in favor of the defendants on the issue of liability, granted the plaintiffs' motion to set aside the verdict and directed a new trial.

Ordered that the order is affirmed, with costs.

The plaintiff Nicholas Dellavecchia was injured when the car he was driving collided with an automobile operated by the defendant Tammi Zorros at the intersection of East 59th Street and Avenue L in Brooklyn. Traffic proceeding in the defendant's direction on East 59th Street was controlled by a stop sign at the intersection. The defendant Tammi Zorros testified that she stopped at the stop sign and two cars passed by. She then edged her car forward to enable her to see beyond parked vehicles. Not observing any further traffic, she proceeded into the intersection and was struck by the plaintiff's automobile. The jury returned a verdict in favor of the defendants, finding that the defendant Tammi Zorros was not negligent. The trial court granted the plaintiffs' motion to set aside the verdict as against the weight of the evidence and ordered a new trial.

While the court applied an improper standard in considering the plaintiffs' motion *(see, Cohen v Hallmark Cards,* 45 NY2d 493, 498-499; *Nicastro v Park,* 113 AD2d 129, 132-133), we agree with its conclusion that the verdict in favor of the defendants was against the weight of the evidence. The proof established that, at a minimum, the defendant violated Vehicle and Traffic Law § 1142 (a) by proceeding into the intersection without yielding the right-of-way to the plaintiff. Such a violation constitutes negligence as a matter of law and could not be disregarded by the jury *(see, Mohamed v Frische,* 223 AD2d 628; *Weiser v Dalbo,* 184 AD2d 935, 936). Since the jury could not have reached its verdict on any fair interpretation of the evidence, the court correctly granted the plaintiffs' motion *(see, Nicastro v Park, supra).* Miller, J. P., Ritter, Santucci and Altman, JJ., concur.