■ PERVAZ IQBAL et al., Appellants, v MICHAEL RUBIN et al., Respondents. [657 NYS2d 329] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from a judgment of the Supreme Court, Kings County (Beldock, J.), entered March 29, 1996, which, upon a jury verdict in favor of the defendants, dismissed the complaint.

Ordered that the judgment is reversed, on the facts, the complaint is reinstated, and the matter is remitted to the Supreme Court, Kings County, for a new trial, with costs to abide the event.

The automobile driven by the plaintiff Pervaz Iqbal hit the side of the automobile driven by the defendant Fania Rubin at the intersection of Avenue M and East 9th Street in Brooklyn. Fania Rubin's approach to the intersection was controlled by a stop sign.

Notwithstanding Fania Rubin's testimony that she saw no

approaching vehicles despite the fact that she stopped at the stop sign and looked both ways, then proceeded several feet, and again stopped and looked and was able to see about a block away, the proof established that she proceeded into the intersection without yielding the right of way to Pervaz Iqbal.

On these facts the jury could not have entered a verdict finding no negligence on the part of the defendant, Fania Rubin, on any fair interpretation of the evidence (see, *Mohamed v Frische*, 223 AD2d 628; *Dellavecchia v Zorros*, 231 AD2d 549).

We note that the trial court's instruction to the jury that it could consider Pervaz Iqbal's subsequent speeding conviction on the issue of credibility was in clear violation of Vehicle and Traffic Law § 155. Thompson, J. P., Pizzuto, Joy and Luciano, JJ., concur.