■ KIM NUNZIATA et al., Appellants, v MARIE BIRCHELL et al., Respondents. [656 NYS2d 383] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from a judgment of the Supreme Court, Nassau County (Kutner, J.), dated March 25, 1996, which, upon a jury verdict in favor of

the defendants on the issue of liability, and upon an order of the same court dated December 19, 1995, denying the plaintiffs' motion pursuant to CPLR 4404 to set aside the verdict, was in favor of the defendants.

Ordered that the judgment is reversed, on the facts, the order dated December 19, 1995, is vacated, that branch of the plaintiffs' motion pursuant to CPLR 4404 which was to set aside the jury verdict is granted, and a new trial is granted, with costs to abide the event.

The automobile driven by the plaintiff Kim Nunziata hit the left rear wheel of the automobile driven by the defendant Marie Birchell at the intersection of Woodbury Road and East Street in Hicksville. Birchell's approach to the intersection was controlled by a stop sign, and she had just entered the intersection, preparing to make a left turn, when the accident occurred.

Notwithstanding Birchell's testimony that despite the fact that she stopped at the stop sign and looked both ways for about two minutes, she saw no approaching vehicles, the proof established that she proceeded into the intersection without yielding the right of way to Nunziata in violation of Vehicle and Traffic Law § 1142 (a). Such a violation constitutes negligence as a matter of law and cannot be disregarded by the jury (*see, Weiser v Dalbo*, 184 AD2d 935, 936). Furthermore, Birchell's testimony confirms that she did not see what, by the proper use of her senses, she should have seen (*see, Lester v Jolicofur*, 120 AD2d 574, 574-575; *Weiser v Dalbo, supra*, at 936).

On these facts the jury could not have returned a verdict that Birchell was not negligent on any fair interpretation of the evidence (*see, Mohamed v Frische*, 223 AD2d 628; *Dellavecchia v Zorros*, 231 AD2d 549). Thus, its verdict should have been set aside and a new trial granted (*see, Cohen v Hallmark Cards*, 45 NY2d 493, 497). Miller, J. P., Joy, Goldstein and Florio, JJ., concur.