■ Danielle Richt et al., Appellants, v Paul A. Strohrmann, Defendant, and Paul Oliva, Respondent. [667 NYS2d 949] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from so much of an order and judgment

(one paper) of the Supreme Court, Suffolk County (Underwood, J.), entered November 22, 1996, as, upon a jury verdict finding the defendant Paul A. Strohrmann 100% at fault for the happening of the accident, dismissed the complaint insofar as asserted against the defendant Paul Oliva.

Ordered that the order and judgment is affirmed insofar as appealed from, with costs.

The infant plaintiff was a passenger in an automobile driven by the defendant Paul A. Strohrmann, which collided with an automobile driven by the defendant Paul Oliva at the intersection of Strong and Catskill Avenues in Suffolk County. The jury returned a verdict finding Strohrmann 100% at fault for the happening of the accident, and the court dismissed the complaint against Oliva.

Contrary to the plaintiffs' contention, the jury verdict finding Oliva free from negligence was not against the weight of the evidence. It is well settled that "a jury verdict in favor of a defendant should not be set aside unless 'the jury could not have reached the verdict on any fair interpretation of the evidence' " (*Nicastro v Park*, 113 AD2d 129, 134, quoting *Delgado v Board of Educ.*, 65 AD2d 547, *affd* 48 NY2d 643). Here, the jury could have reasonably found from the evidence, which included the testimony of a neutral nonparty witness, that Oliva lawfully proceeded into the intersection while it was still clear, and had begun to turn south when he was struck by Strohrmann's vehicle, which was traveling north at a very fast speed in excess of the posted limit. Under these circumstances, we cannot say that the jury's verdict was against the weight of the evidence (*cf., Bolta v Lohan*, 242 AD2d 356; *Nunziata v Birchell*, 238 AD2d 555; *Dellavecchia v Zorros*, 231 AD2d 549; *Mohamed v Frische*, 223 AD2d 628).

The plaintiffs' remaining contentions are either unpreserved for appellate review or without merit. Joy, J. P., Krausman, Goldstein and Luciano, JJ., concur.