■ PARK MATHEWSON, Appellant, v STEPHEN BENDER et al., Respondents. [686 NYS2d 832] —In a negligence action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Nassau County (Palmieri, J.), dated December 30, 1997, which, upon a jury verdict on the issue of liability only, finding that the defendants were not at fault in the happening of the accident, is in favor of the defendants and against him, dismissing the complaint.

Ordered that the judgment is reversed, on the facts, the com-

plaint is reinstated, and a new trial is granted, with costs to abide the event.

The plaintiff was a passenger in an automobile owned and operated by the defendant Stephen A. Eastwood. Eastwood was attempting to make a left turn from the left-turn lane of Northern Boulevard, across two eastbound lanes onto Douglaston Parkway in Queens. As he waited for an opportunity to turn, the traffic light turned either yellow or red. As he attempted to turn left, Eastwood observed the defendant Stephen Bender maneuver his automobile around an automobile which was stopping for the eastbound light. As Bender entered the intersection, the front of Bender's vehicle collided with the front and passenger side of Eastwood's vehicle, injuring the plaintiff.

On these facts the jury could not have entered a verdict finding no fault or liability on the part of Eastwood, on any fair interpretation of the evidence (*see, Dellavecchia v Zorros,* 231 AD2d 549; *Mohamed v Frische,* 223 AD2d 628). The proof established that, at a minimum, Eastwood violated Vehicle and Traffic Law § 1141 by attempting to make a left turn into the intersection without yielding the right-of-way to the defendant Stephen Bender. Such a violation constitutes negligence which cannot be disregarded by the jury (*see, Smalley v McCarthy,* 254 AD2d 478; *Hyppolite v Guerrier,* 232 AD2d 456; *Milka v Hernandez,* 187 AD2d 1031; *Weiser v Dalbo,* 184 AD2d 935).

With regard to the defendant Stephen Bender, the verdict also could not have been based on any fair interpretation of the evidence (*see, Nicastro v Park,* 113 AD2d 129, 134). Furthermore, the court erred in failing to issue a missing witness charge regarding Bender's wife, who was a passenger in his automobile but who was not called to testify (*see, People v Gonzalez,* 68 NY2d 424; *Jasmin v Raju,* 231 AD2d 605). Since the verdict was against the weight of the credible evidence, the judgment in favor of the defendants must be reversed, and a new trial is granted.

The plaintiff's remaining contention is without merit. Bracken, J. P., Sullivan, Altman and McGinity, JJ., concur.