■ JOANNE MANNA, Appellant, v VITO DON DIEGO, Respondent. [690 NYS2d 683] —In an action to recover damages for

personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Kings County (Arniotes, J.), entered February 5, 1998, which, upon a jury verdict finding the defendant not at fault in the happening of the accident, is in favor of the defendant and against her, dismissing the complaint.

Ordered that the judgment is affirmed, with costs.

The plaintiff's and defendant's vehicles collided at the intersection of Lorimer Street and Conselyea Street in Brooklyn. After a trial on the issue of liability, the jury returned a verdict in favor of the defendant.

Contrary to the plaintiff's contention, the jury verdict finding that the defendant was free from negligence in the happening of the accident was not against the weight of the evidence. It is well settled that "a jury verdict in favor of a defendant should not be set aside unless 'the jury could not have reached the verdict on any fair interpretation of the evidence'" (*Nicastro v Park,* 113 AD2d 129, 134, quoting *Delgado v Board of Educ.,* 65 AD2d 547, *affd* 48 NY2d 643). Here, the jury could reasonably have found from the evidence that the defendant slowly moved forward into the intersection, saw the plaintiff's car and immediately stopped, leaving enough room for the plaintiff to pass and thereby yielding the right of way to the plaintiff, when he was struck by her vehicle. Under these circumstances, we cannot say that the jury's verdict was against the weight of the evidence (*see, Carotenuto v Harran Transp. Co.,* 226 AD2d 334; *Galimberti v Carrier Indus.,* 222 AD2d 649; *cf., Bolta v Lohan,* 242 AD2d 356; *Nunziata v Birchell,* 238 AD2d 555; *Iqbal v Rubin,* 238 AD2d 378; *Dellavecchia v Zorros,* 231 AD2d 549; *Mohamed v Frische,* 223 AD2d 628).

Although the court misstated a portion of the jury charge, the error was harmless given that the court's charge as a whole conveyed the correct legal principles (*see, People v Canty,* 60 NY2d 830, 832; *People v Patti,* 229 AD2d 506; *People v Vasquez,* 181 AD2d 459; *People v Velez,* 169 AD2d 661).

The plaintiff's remaining contentions are without merit. S. Miller, J. P., Ritter, Thompson and Altman, JJ., concur.