■ MARIA BOTERO, Respondent, v LAURA ERRAEZ, Defendant, and FRANK E. VESCIO, Appellant. [734 NYS2d 565] —In an action to recover damages for personal injuries, the defendant Frank E. Vescio appeals, as limited by his brief, from so much of an order of the Supreme Court, Westchester County (Zambelli, J.), entered October 4, 2000, as, upon a jury verdict finding that the defendants were not at fault in the happening of the accident, granted those branches of the plaintiff's motion which were, in effect, to set aside the verdict as to him and for judgment as a matter of law in her favor as against him.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff was injured when the vehicle in which she was

a passenger, which was operated by the defendant Laura Erraez, collided with a vehicle operated by the appellant, Frank E. Vescio, at the intersection of Sleepy Hollow Road and Bedford Road. Traffic proceeding in Vescio's direction on Sleepy Hollow Road was controlled by a stop sign at that intersection. Vescio testified that he stopped at the stop sign, but could not see the intersection, so he crept forward into the intersection. He looked to his left, then to his right, then to his left again, but did not see any vehicles approaching on Bedford Road, so he proceeded into the intersection. When he was "a couple of feet" from the center of the intersection, his vehicle collided with the Erraez vehicle. He did not see the Erraez vehicle prior to the collision.

The jury found that Vescio and Erraez were not negligent in causing the accident. The Supreme Court set aside the verdict in favor of Vescio, finding that Vescio's failure to yield the right of way to Erraez constituted negligence as a matter of law, notwithstanding his testimony that he did not see the Erraez vehicle prior to the accident.

There was no credible evidence from which the jury rationally could have inferred that Vescio was not negligent in failing to see the Erraez vehicle and to yield the right of way. The proof established that Vescio violated Vehicle and Traffic Law § 1142 (a) by proceeding into the intersection without yielding the right-of-way to the Erraez vehicle (*see, McClelland v Seery,* 261 AD2d 451; *Nunziata v Birchell,* 238 AD2d 555; *Dellavecchia v Zorros,* 231 AD2d 549). Such a violation constituted negligence as a matter of law and cannot be disregarded by the jury (*see, Nunziata v Birchell, supra*; *Dellavecchia v Zorros, supra*). Moreover, Vescio breached his common-law duty to see that which he should have seen through the proper use of his senses (*see, Ferrara v Castro,* 283 AD2d 392; *Bolta v Lohan,* 242 AD2d 356). Accordingly, the Supreme Court properly granted those branches of the plaintiff's motion which were, in effect, to set aside the verdict as to Vescio and for judgment as a matter of law against him. Ritter, J. P., H. Miller, Feuerstein and Prudenti, JJ., concur.