■ WILLIAM BATAL, Appellant, v ASSOCIATED UNIVERSITIES, INC., et al., Respondents. [741 NYS2d 551] —In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Suffolk County (Kitson, J.), entered October 16, 2000, which, upon a jury verdict, and upon the denial of the plaintiff's motion pursuant to CPLR 4404 to set aside the verdict as against the weight of the evidence, is in favor of the defendants and against him, dismissing the complaint.

Ordered that the judgment is reversed, on the law and the facts, the motion to set aside the jury verdict is granted, the complaint is reinstated, and the matter is remitted to the Supreme Court, Suffolk County, for a new trial, with costs to abide the event.

The plaintiff was injured when the motorcycle he was operat-

ing collided with a pickup truck operated by the defendant Joseph Collins at the intersection of Bailey Road and Currans Road in Middle Island. At the time of the accident, the vehicle operated by Collins was proceeding westbound on Bailey Road, which was controlled by a stop sign at the intersection of Currans Road. The plaintiff's vehicle, which was proceeding southbound on Currans Road, a through road, struck the Collins vehicle on the passenger side in the middle of the intersection. Collins testified that he stopped at the stop sign, approximately 15 feet from the intersection, and that upon looking to his right, his view of Currans Road was obscured by woods. Collins described the location as "almost a blind spot." Collins then proceeded slowly into the intersection, looking to his right. Not observing any approaching traffic, he looked forward and was immediately struck on the right by the plaintiff. Collins testified that he never saw the plaintiff prior to the impact.

The jury returned a verdict finding Collins not negligent. The trial court subsequently denied the plaintiff's motion to set aside the verdict.

The trial court applied an incorrect standard in considering the plaintiff's motion to set aside the jury verdict as against the weight of the evidence (*see Nicastro v Park,* 113 AD2d 129, 132-133). Under the facts of this case, as a matter of law, Collins violated Vehicle and Traffic Law § 1142 (a) and § 1172 (a) by proceeding into the intersection without yielding the right-of-way to the plaintiff. Such violations constitute negligence as a matter of law and could not be disregarded by the jury (*see Sonaike v Jenious,* 285 AD2d 457, 458; *Nunziata v Birchell,* 238 AD2d 555, 556; *Dellavecchia v Zorros,* 231 AD2d 549), notwithstanding that the plaintiff may have contributed to the accident by exceeding the speed limit and proceeding in the wrong lane. Moreover, Collins was obligated to see that which by the proper use of his senses he should have seen (*see Ferrara v Castro,* 283 AD2d 392, 393; *Bolta v Lohan,* 242 AD2d 356; *Terrell v Kissel,* 116 AD2d 637, 638-639), and the plaintiff, as the driver with the right of way, was entitled to anticipate that Collins would obey traffic laws which required him to yield (*see Agin v Rehfeldt,* 284 AD2d 352, 353, *lv denied* 97 NY2d 603; *Cenovski v Lee,* 266 AD2d 424). On these facts, the jury could not have returned a verdict that Collins was not negligent on any fair interpretation of the evidence (*see Salamone v Barenbaum,* 281 AD2d 199; *Iqbal v Rubin,* 238 AD2d 378, 379; *Mohamed v Frische,* 223 AD2d 628; *Weiser v Dalbo,* 184 AD2d 935, 936). Thus, its verdict should have been set

aside. However, the plaintiff is not entitled to judgment as a matter of law in his favor as there is an issue of fact as to whether he was also at fault in causing the accident (*see Rockman v Brosnan,* 280 AD2d 591, 592).

Since there will be a new trial, we note that, under the facts adduced, the plaintiff was entitled to a jury charge on the emergency doctrine (*see* PJI3d 2:14 [2001]). The emergency doctrine is applicable when a party is confronted by a sudden and unforeseen occurrence not of his own making (*see Caristo v Sanzone,* 96 NY2d 172, 175; *Herbert v Morgan Drive-A-Way,* 85 NY2d 895, *revg on dissenting opn at* 202 AD2d 886, 888-889; *Ferrer v Harris,* 55 NY2d 285, 293). Ritter, J.P., O'Brien, Crane and Cozier, JJ., concur.