■ MELISSA HELLENBRECHT, Respondent, v BRENDA RADEKER et al., Appellants, and JOHN JONES, Respondent. (Action No. 1.) JOHN JONES, Respondent, v BRENDA RADEKER et al., Appellants. (Action No. 2.) [766 NYS2d 81] —In two related actions to recover damages for personal injuries, which were joined for trial, the defendants Brenda Radeker, Bernard Radeker, and Kevin Radeker appeal from (1) a judgment of the Supreme Court, Kings County (Vaughan, J.), entered June 10, 2002, in Action No. 1, which, upon a jury verdict, and upon the denial of their motion pursuant to CPLR 4404 to set aside the verdict as against the weight of the evidence, is in favor of the plaintiff and against them in the principal sum of $200,000, and (2) a judgment of the same court, entered June 13, 2002, in Action No. 2, which, upon the same jury verdict, and upon the denial of the same motion pursuant to CPLR 4404 to set aside the verdict as against the weight of the evidence, is in favor of the plaintiff and against them in the principal sum of $307,200.

Ordered that the judgments are reversed, on the law and the facts, the motion to set aside the verdict is granted, and the matter is remitted to the Supreme Court, Kings County, for a new trial, limited solely to the issue of liability, with costs to abide the event; the findings of fact as to damages are affirmed.

The plaintiffs established that they each sustained a serious injury within the meaning of Insurance Law § 5102 (d) (see Toure v Avis Rent A Car Sys., 98 NY2d 345 [2002]).

However, the evidence at trial established that John Jones, a defendant in Action No. 1 and the plaintiff in Action No. 2,

violated Vehicle and Traffic Law § 1111 (d) (2) (a) by proceeding to enter the intersection after making a right turn at a red traffic signal without yielding the right of way to the vehicle owned by the defendants Brenda Radeker and Bernard Radeker and operated by the defendant Kevin Radeker (hereinafter the Radeker defendants). A violation of the Vehicle and Traffic Law constitutes negligence per se and cannot be disregarded by a jury (*see generally Batal v Associated Univs.,* 293 AD2d 558 [2002]; *Dellavecchia v Zorros,* 231 AD2d 549 [1996]). Therefore, the jury's determination that Jones was not negligent, and that the Radeker defendants were 100% at fault in the happening of the accident was not based upon a fair interpretation of the evidence (*see generally Batal v Associated Univs., supra; Dellavecchia v Zorros, supra*). Therefore, the trial court erred in denying the motion of the Radeker defendants to set aside the verdict as against the weight of the evidence. Smith, J.P., S. Miller, Crane and Cozier, JJ., concur.