Jose L. Rebay, Respondent, v Melanie D. Tormey, Appellant. [769 NYS2d 386]—

In a negligence action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Suffolk County (Lifson, J.), dated June 20, 2003, which granted the plaintiff's motion pursuant to CPLR 4404 (a) to set aside a jury verdict in her favor on the issue of liability and ordered a new trial.

Ordered that the order is affirmed, with costs.

This action arose out of a motor vehicle accident on a four-lane roadway when the defendant made a left turn into a gas station, crossing two lanes of oncoming traffic. The defendant stopped in the left eastbound lane prior to starting her turn and noticed a van which was stopped in front of her and to the left in the westbound lane. The defendant testified that the van obscured her view of oncoming traffic and it wasn't until after she began to turn that she saw the plaintiff's car one second before the collision. The plaintiff's car had been hidden from her view behind the van, and she first observed it approaching from the opposite direction as it came up from behind the van. The front of the plaintiff's vehicle collided with the passenger side and rear of the defendant's automobile. The jury returned a verdict finding the defendant was not negligent and the trial court set aside the verdict as against the weight of the evidence.

We agree. On these facts the jury could not have rendered a verdict finding the defendant was not at fault in the happening of this accident on any fair interpretation of the evidence (*see Nicastro v Park*, 113 AD2d 129, 134 [1985]; CPLR 4404 [a]). The proof established that the defendant violated Vehicle and Traffic Law § 1163 when she turned into the gas station driveway at a time when such turning movement could not be made with reasonable safety (*see e.g. Mathewson v Bender*, 259 AD2d 673 [1999]; *Smalley v McCarthy*, 254 AD2d 478 [1998]). Such a violation constitutes negligence as a matter of law which

could not be disregarded by the jury (*see Bous v Fahey,* 250 AD2d 638 [1998]; *Batal v Associated Univs.,* 293 AD2d 558 [2002]). Moreover, the left-turning defendant was obligated by the proper use of her senses to see the plaintiff's vehicle, which was so close as to constitute an immediate hazard, and yield the right of way (*see Smalley v McCarthy, supra; Batal v Associated Univs., supra* at 559; *see also* Vehicle and Traffic Law § 1141). Accordingly, the Supreme Court properly granted the plaintiff's motion to set aside the verdict and ordered a new trial. Santucci, J.P., Krausman, Schmidt and Rivera, JJ., concur.