■ Maura J. Spatola et al., Respondents, v Gelco Corp. et al., Appellants. [773 NYS2d 101]—

In an action to recover damages for personal injuries, etc., the defendants appeal from an order of the Supreme Court, Richmond County (Gigante, J.), dated January 23, 2003, which granted the plaintiffs' motion for summary judgment on the issue of liability.

Ordered that the order is affirmed, with costs.

In support of their motion for summary judgment on the issue of liability, the plaintiffs established that the defendants' van failed to yield at a stop sign and collided with the injured plaintiff's car. This evidence established the defendants' prima facie liability (*see Klein v Byalik*, 1 AD3d 399 [2003]; *Casaregola v Farkouh*, 1 AD3d 306 [2003]; *Batal v Associated Univs.*, 293 AD2d 558 [2002]; *Botero v Erraez*, 289 AD2d 274 [2001]; *Bolta v Lohan*, 242 AD2d 356 [1997]). In opposition, the defendants failed to demonstrate the existence of a triable issue of fact (*see Singh v Shafi*, 252 AD2d 494 [1998]). The defendant driver admitted to proceeding into the intersection without observing the injured plaintiff's oncoming car. The defendant driver was duty-bound to "see that which through proper use of [his] senses [he] should have seen" (*Bolta v Lohan, supra* at 356; *see Batal v Associated Univs., supra; Botero v Erraez, supra; Ferrara v Castro,* 283 AD2d 392 [2001]).

Nor did the Supreme Court prematurely grant the motion without having afforded the defendants adequate discovery. Pursuant to CPLR 3212 (f), the court has discretion to deny a motion for summary judgment, or to order a continuance to permit affidavits to be obtained or disclosure to be had, if facts essential to justify opposition to the motion may exist but cannot then be stated. For the court to delay action on the motion, there must be a likelihood of discovery leading to such evidence. The mere hope that evidence sufficient to defeat the motion may be uncovered during the discovery process is insufficient (*see Frouws v Campbell Foundry Co.*, 275 AD2d 761 [2000]; *Mazzaferro v Barterama Corp.*, 218 AD2d 643 [1995]). In this case, there was no evidence that the injured plaintiff's car exceeded the speed limit (*cf. Romano v 202 Corp.*, 305 AD2d 576) or in any other way contributed to the happening of the accident. Thus, the defendants failed to demonstrate a need for additional discovery and the court providently granted the plaintiffs' motion.

The defendants' remaining contentions are without merit. S. Miller, J.P., Luciano, Adams and Cozier, JJ., concur.