■ EMILIANO PEREZ, Appellant, v MUSA PALJEVIC, Respondent. [818 NYS2d 581]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Schneier, J.), dated July 16, 2004, which, in effect, denied his motion pursuant to CPLR 4404 (a) to set aside a jury verdict in favor of the defendant on the issue of liability and for judgment as a matter of law or, in the alternative, to set aside the verdict as against the weight of the evidence or in the interest of justice and for a new trial.

Ordered that the order is modified, on the law and the facts,

by deleting the provision thereof denying that branch of the motion which was to set aside the verdict as against the weight of the evidence and for a new trial and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, and the matter is remitted to the Supreme Court, Kings County, for a new trial before a different Justice, with costs to abide the event.

In this case involving a motor vehicle accident at an intersection, the street on which the defendant was driving had a stop sign, while the street on which the plaintiff was driving did not. The defendant testified that he stopped at the stop sign to let some people pass in front of him, and then proceeded into the intersection, whereupon he collided with the plaintiff's car, causing it to be knocked across the sidewalk and damaged. The jury found the defendant not negligent. Thereafter, the plaintiff moved pursuant to CPLR 4404 (a) to set aside the jury verdict in favor of the defendant on the issue of liability and for judgment as a matter of law or, in the alternative, to set aside the verdict as against the weight of the evidence or in the interest of justice and for a new trial. The Supreme Court, in effect, denied the motion.

The Supreme Court applied an incorrect standard in considering that branch of the plaintiff's motion which was to set aside the jury verdict as against the weight of the evidence (*see Nicastro v Park*, 113 AD2d 129, 132-133 [1985]). Under the facts of this case, as a matter of law, the defendant violated Vehicle and Traffic Law § 1142 (a) and § 1172 (a) by proceeding into the intersection without yielding the right-of-way to the plaintiff. Such violations constitute negligence as a matter of law and could not properly be disregarded by the jury (*see Nunziata v Birchell*, 238 AD2d 555, 556 [1997]; *Dellavecchia v Zorros*, 231 AD2d 549 [1996]), notwithstanding that the plaintiff may have contributed to the accident by allegedly exceeding the speed limit. Moreover, the defendant was obliged to see that which by the proper use of his senses he should have seen (*see Ferrara v Castro*, 283 AD2d 392, 393 [2001]; *Bolta v Lohan*, 242 AD2d 356 [1997]; *Terrell v Kissel*, 116 AD2d 637, 638-639 [1986]), and the plaintiff, as the driver with the right-of-way, was entitled to anticipate that the defendant would obey traffic laws that required him to yield (*see Agin v Rehfeldt*, 284 AD2d 352, 353 [2001]; *Cenovski v Lee*, 266 AD2d 424 [1999]). On these facts, the jury could not have returned a verdict that the defendant was wholly free from negligence on any fair interpretation of the evidence (*see Salamone v Barenbaum*, 281 AD2d 199 [2001]; *Iqbal v Rubin*, 238 AD2d 378, 379 [1997]; *Mohamed v*

*Frische,* 223 AD2d 628 [1996]; *Weiser v Dalbo,* 184 AD2d 935, 936 [1992]). Thus, its verdict should have been set aside and a new trial granted.

The plaintiff was not entitled to judgment as a matter of law in his favor as there is an issue of fact as to whether he was also at fault in causing the accident (*see Batal v Associated Univs.,* 293 AD2d 558 [2002]; *Rockman v Brosnan,* 280 AD2d 591, 592 [2001]).

In light of our determination, we need not consider the plaintiff's remaining contentions. Miller, J.P., Goldstein, Spolzino and Dillon, JJ., concur.