KEVIN JOHNSON, Appellant, v ZABIR AHMED, Respondent. [883 NYS2d 249]—

In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Queens County (Ritholtz, J.), entered September 24, 2007, which, upon a jury verdict, and upon the denial of his oral application pursuant to CPLR 4404 (a) to set aside the verdict as contrary to the weight of the evidence, is in favor of the defendant and against him dismissing the complaint.

Ordered that the judgment is reversed, on the facts and in the exercise of discretion, the plaintiff's oral application pursuant to CPLR 4404 (a) to set aside the jury verdict is granted, the complaint is reinstated, and the matter is remitted to the Supreme Court, Queens County, for a new trial, with costs to abide the event.

The parties were involved in a motor vehicle collision at the intersection of Union Turnpike and 160th Street in Queens. According to the defendant, the collision occurred when, while traveling on 160th Street, he stopped at the stop sign at its

intersection with Union Turnpike, looked both ways, did not see any approaching vehicles, and attempted to make a right turn onto Union Turnpike. The plaintiff's vehicle was traveling on Union Turnpike, which was not governed by a traffic control device at the intersection. Both parties testified that they first saw the other vehicle immediately prior to the collision. The jury found that the defendant was not negligent. The Supreme Court denied the plaintiff's oral application pursuant to CPLR 4404 (a) to set aside the verdict as against the weight of the evidence.

Under the circumstances, the jury could not have found, based on any fair interpretation of the evidence, that the defendant was free from negligence (*see Nicastro v Park,* 113 AD2d 129, 132-133 [1985]; *see also Perez v Paljevic,* 31 AD3d 520, 521 [2006]; *Salamone v Barenbaum,* 281 AD2d 199 [2001]; *Iqbal v Rubin,* 238 AD2d 378 [1997]). The defendant was obligated to " 'see that which through the proper use of [his] senses [he] should have seen' " (*Spatola v Gelco Corp.,* 5 AD3d 469, 470 [2004], quoting *Bolta v Lohan,* 242 AD2d 356 [1997]; *see Perez v Paljevic,* 31 AD3d at 521; *Bongiovi v Hoffman,* 18 AD3d 686, 687 [2005]), and the plaintiff, as the driver with the right-of-way, was entitled to anticipate that the defendant would obey traffic laws that required him to yield (*see Maliza v Puerto-Rican Transp. Corp.,* 50 AD3d 650, 652 [2008]; *McCain v Larosa,* 41 AD3d 792 [2007]; *Perez v Paljevic,* 31 AD3d at 521; *Bongiovi v Hoffman,* 18 AD3d at 687). The defendant violated Vehicle and Traffic Law § 1142 (a) and § 1172 (a) by proceeding into the intersection without yielding the right-of-way to the plaintiff. Such violations constituted negligence as a matter of law that could not be disregarded by the jury (*see Batal v Associated Univs.,* 293 AD2d 558 [2002]; *see also Perez v Paljevic,* 31 AD3d at 521; *Nunziata v Birchell,* 238 AD2d 555, 556 [1997]; *Dellavecchia v Zorros,* 231 AD2d 549 [1996]), notwithstanding that the plaintiff may have been negligent and his negligence may have contributed to the accident. Thus, the verdict should have been set aside as contrary to the weight of the evidence and a new trial granted. Spolzino, J.P., Angiolillo, Leventhal and Lott, JJ., concur.