■ IGOR ZHUBRAK et al., Respondents, v DANIELLE PETRO, Appellant. [998 NYS2d 85]—

In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Richmond County (Minardo, J.), dated August 27, 2013, which granted, in effect, that branch of the plaintiffs' motion pursuant to CPLR 4404 which was to set aside a jury verdict on the issue of liability in favor of the defendant as contrary to the weight of the evidence, and for a new trial.

Ordered that the order is affirmed, without costs or disbursements.

On September 17, 2006, the plaintiff Igor Zhubrak (hereinafter the injured plaintiff) allegedly was injured when the vehicle he was operating on Wilson Avenue at or near its intersection with Van Brunt Street in Staten Island came into contact with a vehicle being operated by the defendant on Van Brunt Street. At the subject intersection, a stop sign controlled the traffic

proceeding on Van Brunt Street; there was no stop sign controlling the traffic on Wilson Avenue. During the liability phase of the bifurcated trial, the defendant testified that she stopped at the stop sign and proceeded into the intersection, whereupon she collided with the injured plaintiff's car. The jury found that the defendant did not operate her vehicle in a negligent manner. The plaintiffs moved, inter alia, to set aside the jury verdict in favor of the defendant on the issue of liability as contrary to the weight of the evidence and for a new trial, and the Supreme Court granted that branch of the motion.

A jury verdict should not be set aside as contrary to the weight of the evidence unless the jury could not have reached its verdict on any fair interpretation of the evidence (*see Lolik v Big v Supermarkets*, 86 NY2d 744, 746 [1995]; *Simon v Nortrax N.E., LLC*, 94 AD3d 861 [2012]; *Nicastro v Park*, 113 AD2d 129 [1985]). "It is within the province of the jury to determine issues of credibility, and great deference is accorded to the jury given its opportunity to see and hear the witnesses" (*Palermo v Original California Taqueria, Inc.*, 72 AD3d 917, 918 [2010]).

Here, a fair interpretation of the evidence does not support the jury's finding that the defendant was not negligent. The defendant testified that, when she was stopped at the intersection, her view to her left, the direction from which the injured plaintiff was coming, was obstructed, yet she proceeded anyway. The fact that the defendant proceeded into the intersection without having a clear view of the traffic on Wilson Avenue and without yielding the right-of-way after a stop sign demonstrated that she violated Vehicle and Traffic Law §§ 1142 (a) and 1172 (a) (*see Luke v McFadden*, 119 AD3d 533 [2014]; *Amalfitano v Rocco*, 100 AD3d 939 [2012]; *Garrett v Manaser*, 8 AD3d 616 [2004]; *Salazar v City of New York*, 302 AD2d 580 [2003]). Such violations constitute negligence as a matter of law, and could not properly be disregarded by the jury (*see Johnson v Ahmed*, 63 AD3d 1108 [2009]; *Perez v Paljevic*, 31 AD3d 520 [2006]; *Nunziata v Birchell*, 238 AD2d 555 [1997]). Consequently, on these facts, the jury could not have reached its verdict that the defendant was not negligent on any fair interpretation of the evidence (*see Johnson v Ahmed*, 63 AD3d 1108 [2009]; *Perez v Paljevic*, 31 AD3d 520 [2006]; *Salamone v Barenbaum*, 281 AD2d 199 [2001]).

Accordingly, the Supreme Court properly granted, in effect, that branch of the plaintiffs' motion pursuant to CPLR 4404 which was to set aside the jury verdict as contrary to the weight of the evidence, and for a new trial. Dillon, J.P., Chambers, Cohen and Maltese, JJ., concur.