Hendy v Watts (2021 NY Slip Op 00298)





Hendy v Watts


2021 NY Slip Op 00298


Decided on January 20, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 20, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LEONARD B. AUSTIN
COLLEEN D. DUFFY
BETSY BARROS, JJ.


2018-03708
2018-03711
 (Index No. 19681/13)

[*1]Nicole Hendy, appellant, 
v
Michael P. Watts, et al., defendants, Constance M. Gunn, respondent.


William Schwitzer & Associates, P.C., New York, NY (Howard R. Cohen of counsel), for appellant.
Ferro & Stenz (Russo & Tambasco, Melville, NY [Susan J. Mitola], of counsel), for respondent Constance M. Gunn.
Votto & Albee, PLLC, Staten Island, NY (Christopher J. Albee of counsel), for defendants Michael P. Watts and Ave Rochelle Dunson.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from (1) a judgment of the Supreme Court, Queens County (Allan B. Weiss, J.), entered October 25, 2017, and (2) an amended judgment of the same court entered February 5, 2018. The amended judgment, insofar as appealed from, upon a jury verdict on the issue of liability finding the defendant Michael P. Watts 100% at fault in the happening of the accident and the defendant Constance M. Gunn 0% at fault, is in favor of the defendant Constance M. Gunn and against the plaintiff dismissing the complaint insofar as asserted against the defendant Constance M. Gunn.
ORDERED that the appeal from the judgment is dismissed, as the judgment was superseded by the amended judgment; and it is further,
ORDERED that the amended judgment is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the respondent.
The plaintiff allegedly was injured when a motor vehicle owned by the defendant Ave Rochelle Dunson and operated by the defendant Michael P. Watts, in which the plaintiff was a front-seat passenger, was involved in an accident with a motor vehicle operated by the defendant Constance M. Gunn. The plaintiff commenced this action against the defendants to recover damages for personal injuries. After a trial on the issue of liability, the jury found that Watts was 100% at fault in the happening of the accident and Gunn was 0% at fault. The plaintiff appeals, arguing that the jury verdict was contrary to the weight of the evidence since both drivers contributed to the happening of the accident.
The standard for determining whether a jury verdict was contrary to the weight of the [*2]evidence is "whether 'the evidence so preponderate[d] in favor of [one party] that [the verdict] could not have been reached on any fair interpretation of the evidence'" (Lolik v Big V Supermarkets, 86 NY2d 744, 746, quoting Moffatt v Moffatt, 86 AD2d 864, 864 [internal quotation marks omitted], affd 62 NY2d 875; see Nicastro v Park, 113 AD2d 129, 134). "Issues of credibility are for the jury, which had the opportunity to observe the witnesses and the evidence. Its resolution is entitled to deference" (Cicola v County of Suffolk, 120 AD3d 1379, 1382 [internal quotation marks omitted]), "and a successful party is entitled to a presumption that the jury adopted a reasonable view of the evidence" (Bertelle v New York City Tr. Auth., 19 AD3d 343, 344).
Applying these principles here, a fair interpretation of the evidence adduced at trial supported the jury verdict finding that Watts was solely liable for the happening of the accident and that Gunn was not liable. At trial, Gunn testified that she had been driving on 214th Place, a one-way street, when she slowed her vehicle to a stop as she entered the intersection at 94th Road. Gunn, who had the right-of-way, testified that she was preparing to make a left turn onto 94th Road when the vehicle driven by Watts, which had a stop sign controlling traffic traveling in his direction, collided with her vehicle while he was turning left from 94th Road onto 214th Place. Although Watts testified that the accident occurred when Gunn had already begun turning left onto 94th Road and collided with his stopped vehicle, the jury, which had the opportunity to observe the witnesses and the evidence, was entitled to credit Gunn's version of how the accident occurred (see id. at 343). Accordingly, the jury verdict on the issue of liability was not contrary to the weight of the evidence.
DILLON, J.P., AUSTIN, DUFFY and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court