Thomas v New York City Tr. Auth. (2025 NY Slip Op 05986)

Thomas v New York City Tr. Auth.

2025 NY Slip Op 05986

Decided on October 29, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 29, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
PAUL WOOTEN
BARRY E. WARHIT
LOURDES M. VENTURA, JJ.

2024-04652
 (Index No. 517316/17)

[*1]Patricia E. Thomas, appellant, 
v
New York City Transit Authority, et al., respondents, et al., defendant.

Harris Keenan & Goldfarb, PLLC, New York, NY (Jason Steinberg and Judith F. Stempler of counsel), for appellant.
Anna J. Ervolina, Brooklyn, NY (Theresa A. Frame of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Kings County (Pamela L. Fisher, J.), dated February 8, 2024. The judgment, insofar as appealed from, upon a jury verdict on the issue of liability finding the defendant Nancy Polidor 100% at fault in the happening of the accident and the defendants New York City Transit Authority, Metropolitan Transportation Authority, MTA Bus Company, and Erica Campbell 0% at fault, and upon an order of the same court dated February 6, 2023, denying the plaintiff's motion, in effect, pursuant to CPLR 4404(a) to set aside the jury verdict and for judgment as a matter of law, or, in the alternative, to set aside the jury verdict as contrary to the weight of the evidence and for a new trial, is in favor of the defendants New York City Transit Authority, Metropolitan Transportation Authority, MTA Bus Company, and Erica Campbell and against the plaintiff dismissing the complaint insofar as asserted against those defendants.
ORDERED that the judgment is affirmed insofar as appealed from, with costs.
In December 2016, the plaintiff allegedly was injured while she was a passenger on a New York City Transit Authority bus operated by the defendant Erica Campbell, which collided with a vehicle operated by the defendant Nancy Polidor near the intersection of Rockaway Parkway and Flatlands Avenue in Brooklyn. The accident occurred as Campbell was making a right turn from the left of two southbound lanes on Rockaway Parkway onto Flatlands Avenue, and Polidor's vehicle in the right southbound lane on Rockaway Parkway came into contact with the right-side rear of the bus.
In September 2017, the plaintiff commenced this action to recover damages for personal injuries against the defendants New York City Transit Authority, Metropolitan Transportation Authority, MTA Bus Company, and Campbell (hereinafter collectively the transit defendants), and Polidor.
Following a jury trial, the jury found Polidor 100% at fault for the happening of the accident and the transit defendants 0% at fault. On February 8, 2024, the Supreme Court entered a judgment, inter alia, dismissing the complaint insofar as asserted against the transit defendants. The plaintiff appeals.
"A jury verdict should not be set aside as contrary to the weight of the evidence unless the jury could not have reached the verdict by any fair interpretation of the evidence" (Angieri v [*2]Musso, 225 AD3d 43, 51). "When a verdict can be reconciled with a reasonable view of the evidence, the successful party is entitled to the presumption that the jury adopted that view" (Sela v Katz, 165 AD3d 1191, 1192). "'It is for the jury to make determinations as to the credibility of the witnesses, and great deference in this regard is accorded to the jury, which had the opportunity to see and hear the witnesses'" (Angieri v Musso, 225 AD3d at 51, quoting Scalogna v Osipov, 117 AD3d 934, 935).
Here, the jury's verdict finding that Polidor was solely at fault in the happening of the accident was based upon a fair interpretation of the evidence and was not contrary to the weight of the evidence (see Hendy v Watts, 190 AD3d 834, 835). At trial, evidence was presented that the accident occurred when Polidor attempted to pass the bus and that Polidor's vehicle was "behind the bus" or by the rear of the bus when the bus attempted to make the right turn onto Flatlands Avenue. Moreover, Polidor acknowledged that at the time of impact, she was pressing the gas and had not applied the brakes or honked. Thus, the jury could have reasonably concluded that the accident occurred solely due to Polidor's attempt to pass the bus, which was ahead of her as Campbell started to make a right turn onto Flatlands Avenue.
Further, although "[a] violation of the Vehicle and Traffic Law constitutes negligence per se and cannot be disregarded by a jury" (Hellenbrecht v Radeker, 309 AD2d 834, 835), the jury could have reasonably concluded based upon the evidence presented at trial that Campbell did not violate any provision of the Vehicle and Traffic Law. Campbell testified that she attempted to make the right turn from the left southbound lane on Rockaway Parkway because, among other things, the bus has to "turn wide" due to its length. Thus, the jury could have reasonably found that Campbell started to make the right turn "as close as practicable to the right hand curb or edge of the roadway" (Vehicle and Traffic Law § 1160[a]).
The plaintiff's remaining contentions are without merit.
BRATHWAITE NELSON, J.P., WOOTEN, WARHIT and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court