Cuji v 225 Fourth, LLC (2025 NY Slip Op 06601)

Cuji v 225 Fourth, LLC

2025 NY Slip Op 06601

Decided on November 26, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 26, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
JANICE A. TAYLOR
ELENA GOLDBERG VELAZQUEZ, JJ.

2022-03597
 (Index No. 704101/16)

[*1]Estalin Cuji, appellant, 
v
225 Fourth, LLC, et al., respondents.

Silberstein, Awad & Miklos, P.C. (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac, Joshua Block, and Jillian Rosen], of counsel), for appellant.
Morris Duffy Alonso Faley & Pitcoff, New York, NY (Iryna S. Krauchanka and Kevin G. Faley of counsel), for respondent 225 Fourth, LLC.
Cascone & Kluepfel, LLP, Farmingdale, NY (Howard B. Altman of counsel), for respondent JRM Construction Management, LLC.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Queens County (Darrell L. Gavrin, J.), entered May 3, 2022. The judgment, upon a jury verdict in favor of the defendants on the issue of liability, is in favor of the defendants and against the plaintiff dismissing the complaint.
ORDERED that the judgment is reversed, on the facts, with costs, the complaint is reinstated, and the matter is remitted to the Supreme Court, Queens County, for a new trial.
The plaintiff commenced this action to recover damages for personal injuries that he allegedly sustained while doing demolition work at a building owned by the defendant 225 Fourth, LLC, and at which the defendant JRM Construction Management, LLC, was serving as general contractor. The plaintiff asserted causes of action alleging, among other things, violations of Labor Law §§ 200, 240(1), and 241(6).
Following a jury trial on the issue of liability, the jury found the plaintiff 100% at fault for the happening of the accident and the defendants 0% at fault. The jury also found that the defendants failed to perform continuous inspections during demolition to detect a weakened or deteriorated structure, that they failed to provide safe footing to the plaintiff while he was performing demolition, and that these failures were substantial factors in causing the plaintiff's accident. In reviewing the jury's verdict, the Supreme Court acknowledged that it was inconsistent and instructed the jury to return to their deliberations and to follow the directions on the verdict sheet. After further deliberations, the jury returned with essentially the same verdict, except that the question as to whether the plaintiff's workplace was unsafe was now answered in the affirmative. Outside the presence of the jury, the plaintiff's counsel stated that he "d[id not] request anything else to be said to the jury" and confirmed that the reconsidered verdict would be entered and recorded by the clerk.
After the jury was discharged, the plaintiff made an oral application, in effect, pursuant to CPLR 4404(a) to set aside the jury verdict and for judgment as a matter of law. The Supreme Court denied the plaintiff's oral application. On May 3, 2022, a judgment was entered in favor of the defendants and against the plaintiff dismissing the complaint. The plaintiff appeals.
A jury verdict against a party may be set aside as contrary to the weight of the evidence only if "the evidence so preponderated in favor of [that party] that the verdict could not have been reached on any fair interpretation of the evidence" (Lolik v Big V Supermarkets, 86 NY2d 744, 746 [alterations and internal quotation marks omitted]; see Krohn v Schultz Ford Lincoln, Inc., ____ AD3d ____, ____, 2025 NY Slip Op 05072, *4; Evans v New York City Tr. Auth., 179 AD3d 105, 112). Moreover, "there is no preservation requirement for weight of the evidence review" (Evans v New York City Tr. Auth., 179 AD3d at 111).
Under the circumstances presented here, we find that the verdict in favor of the defendants could not have been reached on any fair interpretation of the evidence and must be set aside (see id. at 113; Perez v Paljevic, 31 AD3d 520, 521-522). Accordingly, we reverse the judgment, reinstate the complaint, and remit the matter to the Supreme Court, Queens County, for a new trial.
The plaintiff's remaining contentions are not preserved for appellate review.
DILLON, J.P., MILLER, TAYLOR and GOLDBERG VELAZQUEZ, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court