Justice Sandler is vacated forthwith. No opinion. Concur—Sullivan, J. P., Carro, Fein and Milonas, JJ.

■ CARL F. GRILLO et al., Respondents, v DONALD S. HARRINGTON et al., Appellants.—Order, Supreme Court, New York County (Alvin F. Klein, J.), entered on or about June 27, 1985, unanimously affirmed, without costs and without disbursements. The stay heretofore granted by Justice Sandler is vacated forthwith. No opinion. Concur—Sullivan, J. P., Carro, Fein and Milonas, JJ.

■ LIBERAL PARTY OF THE STATE OF NEW YORK et al., Appellants, v BOARD OF ELECTIONS OF THE CITY OF NEW YORK et al., Respondents, and JONATHAN C. REITER et al., Respondents-Respondents.—Judgment, Supreme Court, New York County (Martin Evans, J.), entered on July 2, 1985, unanimously modified, on the law, to strike the direction for a hearing and to direct that the eight elected assembly district leaders and associate assembly district leaders not heretofore elected as county committee members be deemed members of the county committee (Election Law § 2-110 [2]) and otherwise affirmed, without costs. We are persuaded that the determination of this appeal should be controlled by our decision announced simultaneously herewith in *Burns v Board of Elections* (112 AD2d 69). However, on argument and at Special Term, counsel conceded there were 12 duplications reducing the number of elected county committee members to 510, which is four less than the required 514. Adding the eight district leaders, not elected as county committee members, brings the total to 518, constituting a properly organized county committee. No opinion. Concur—Sullivan, J. P., Carro, Fein and Milonas, JJ.

(July 11, 1985)

■ In the Matter of JONATHAN NEIL CORP., Petitioner, v STATE LIQUOR AUTHORITY, Respondent.—This CPLR article 78 proceeding was transferred to this court by order of the Supreme Court, New York County (Shorter, J.), entered July 13, 1984, pursuant to CPLR 7804 (g). Determination and order of the respondent State Liquor Authority, dated April 3, 1984, amended May 21, 1984, finding petitioner guilty of violation of Alcoholic Beverage Control Law § 105 (15) and imposing a 10-day suspension of petitioner's license together with a bond forfeiture in the amount of $1,000, annulled, on the law,

without costs, and the petition granted to the extent of vacating the penalty and remanding the matter to the respondent for the imposition of an appropriate penalty consistent with the decision herein.

The "Notice of Pleading and Hearing", dated January 24, 1983, charged the petitioner liquor store with three violations. The first charge alleged that the petitioner "sold or delivered wine with knowledge that the person or premises to whom said wine was delivered would sell or give away the wine in violation of the ABC Law." The second charge accused the petitioner of "participat[ing] in or abett[ing] a violation of Section 100, subd. 1 of the ABC Law by premises known as the 'Casa Brazil' which allegedly sold alcoholic beverages without a license." In the third charge, the petitioner was accused of failing "to keep and maintain on the licensed premises adequate and accurate books and records of the business". After a hearing, the petitioner was found guilty of only the third charge.

The licensee in question is located a block and a half away from the Casa Brazil Restaurant. The restaurant is not licensed by the State Liquor Authority. Patrons are advised to bring their own bottles of wine if they wish. The evidence showed that the restaurant would permit patrons to use the restaurant telephone to order wine from a retail liquor store.

On January 27, March 6 and June 25, 1982, the respondent's investigator had dinner at the Casa Brazil. On each occasion, upon the investigator's statement that he wanted wine with dinner, the owner of the restaurant, with the assent of the investigator, then telephoned the petitioner. The investigator then ordered a bottle of wine. The investigator noted that the deliveryman from the petitioner also made deliveries to the patrons seated at other tables.

On July 23, 1982, upon being questioned, the owner of the petitioner liquor store told the investigators that he was aware that his employees made deliveries to the restaurant but he failed to appreciate why this practice was a violation of the Alcoholic Beverage Control Law. During the interview, the owner was asked to produce the sales records on the dates that the investigator ate dinner at the Casa Brazil. The owner said that the sales were recorded on register tapes and that the tapes were not on the premises and were at home or with his accountant. About one week later, the tapes were produced. The petitioner urges that the determination must be set aside because Alcoholic Beverage Control Law § 105 (15) provides only that each licensee shall maintain adequate

books and records of all transactions on the licensed premises. The petitioner urges that the statute violates "due process of law" because the statute does not set forth a specific time period for the retention of the records.

This claim is untimely. The petitioner did not raise this issue at the time of the hearing and the constitutional and legal issue on admissibility of evidence has not been preserved by the licensee (*see, Matter of Leogrande v State Liq. Auth.,* 19 NY2d 418). In the absence of a fixed statutory period of time for retention of the records on the premises, the law implies a "reasonable time". The respondent also urges that it has ruled that sales slips must be kept for a period of not less than two years, and the interpretation given a statute by those charged with its enforcement is deserving of great weight in determining whether the statute is vague (*see generally, Matter of Niagara Falls Urban Renewal Agency v O'Hara,* 57 AD2d 471, 475).

The petitioner was guilty of only a technical violation. It maintained the records called for under the statute, and only failed to have the records on the premises when the investigator asked for them. Petitioner did not try to hide any information, cooperated with the respondent, and the public was not harmed by its failure to produce the records when requested. In addition, under the guidelines issued by the respondent, the maximum penalty for not keeping books and records is a 10-day suspension.

It seems appropriate, therefore, that the forfeiture of the bond should be vacated and the period of the suspension reduced to one day (*see generally, Matter of Zenith Wine & Liq. v State Liq. Auth.,* 91 AD2d 666). Although judicial review of administrative sanctions is marked by restraint (*Matter of Shore Haven Lounge v New York State Liq. Auth.,* 37 NY2d 187), this penalty is shocking to one's sense of fairness (*Matter of Pell v Board of Educ.,* 34 NY2d 222). Concur—Murphy, P. J., Ross, Asch and Ellerin, JJ.