■ NANCY NEGRON, Appellant, v HELMSLEY SPEAR, INC., et al., Respondents. HELMSLEY SPEAR, INC., et al., Third-Party Plaintiffs-Respondents, v INDEPENDENCE SAVINGS BANK, Third-Party Defendant-Respondent. [721 NYS2d 12] —Order, Supreme Court, Bronx County (Douglas McKeon, J.), entered October 7, 1999, which, *inter alia*, granted defendants' motion and cross motion for summary judgment dismissing the complaint, unanimously affirmed, without costs. Appeal from order, same court and Justice, entered November 23, 1999, granting the cross motion of third-party defendant Independence Savings Bank for summary judgment dismissing the third-party complaint, unanimously dismissed, without costs.

When this action was removed from the trial calendar in April 1999 due to the unavailability of plaintiff's expert, her note of issue was, in effect, nullified (*see*, *Alexander v City of New York*, 277 AD2d 334). Thus, defendants' motion and cross-motion for summary judgment were not untimely pursuant to CPLR 3212 (a).

Plaintiff allegedly sustained injury attributable to an over-waxed step with a worn-out tread on a staircase inside a Building owned by defendants Helmsley Spear and Parkchester Management Corporation and leased by them to third-party defendant Independence Savings Bank. The grant of summary judgment dismissing the complaint as against defendants Helmsley Spear and Parkchester Management Corporation was proper since they were not in possession of the demised premises at the time of plaintiff's accident and since their lease

with Independence Savings Bank established that they had relinquished control over and had not undertaken to repair or maintain the premises during the term of Independence's possession (*see, Johnson v Urena Serv. Ctr.*, 227 AD2d 325, 326, *lv denied* 88 NY2d 814). The affirmation of plaintiff's attorney, who had no personal knowledge of the facts, was insufficient to raise a factual issue requiring denial of defendant landlords' summary judgment motion (*see, Canela v Foodway Supermarket*, 188 AD2d 416).

Also proper was the grant of defendant New Hope Cleaning Corporation's cross motion for summary judgment dismissing the complaint as against it in light of its uncontradicted proof that it only performed general cleaning services, did not wax the stairs on which plaintiff fell and had no obligation to maintain or repair them. The assertion in plaintiff's attorney's affirmation that plaintiff might have contradictory evidence was insufficient to rebut New Hope's prima facie showing (*see, Zuckerman v City of New York*, 49 NY2d 557, 562). Concur—Rosenberger, J. P., Mazzarelli, Wallach, Saxe and Buckley, JJ. [As amended by unpublished order entered May 10, 2001.]