■ CHRIS MOUSSOUROS, Appellant, v JOHN N. LITER, Respondent. [802 NYS2d 460]—

In an action, inter alia, to recover damages for personal injuries, etc., the plaintiff appeals from a judgment of the Supreme Court, Westchester County (Jamieson, J.), entered September 22, 2004, which, upon a jury verdict, and upon the denial of his motion pursuant to CPLR 4404 to set aside the verdict as against the weight of the evidence, is in favor of the defendants and against him, dismissing the complaint.

Ordered that the judgment is reversed, on the law and the facts, the complaint is reinstated, the motion is granted, and the matter is remitted to the Supreme Court, Westchester County, for a new trial, with costs to abide the event.

The plaintiff allegedly was injured when the vehicle he was

operating was struck by the defendant's vehicle as the defendant attempted to turn out of his driveway, cross over the westbound lane of traffic on East Lincoln Avenue, and turn onto the eastbound lane of traffic of that same roadway in the City of Mount Vernon. At the time of the accident, the plaintiff's vehicle was proceeding westbound on East Lincoln Avenue. The jury returned a verdict finding the defendant not negligent. The trial court subsequently denied the plaintiff's motion to set aside the verdict.

As a matter of law, the defendant violated Vehicle and Traffic Law § 1142 (a) and § 1172 (a) by proceeding into the westbound lane of traffic on East Lincoln Avenue without yielding the right-of-way to the plaintiff. Such violations constitute negligence as a matter of law and could not be disregarded by the jury (*see Batal v Associated Univs.*, 293 AD2d 558 [2002]; *Sonaike v Jenious,* 285 AD2d 457, 458 [2001]; *Nunziata v Birchell,* 238 AD2d 555, 556 [1997]; *Dellavecchia v Zorros,* 231 AD2d 549 [1996]). Further, the defendant was obligated to see that which by the proper use of his senses he should have seen (*see Batal v Associated Univs., supra*; *Ferrara v Castro,* 283 AD2d 392, 393 [2001]; *Bolta v Lohan,* 242 AD2d 356 [1997]; *Terrell v Kissel,* 116 AD2d 637, 638-639 [1986]), and the plaintiff, as the driver with the right-of-way, was entitled to anticipate that the defendant would obey traffic laws which required him to yield (*see Batal v Associated Univs., supra*; *Agin v Rehfeldt,* 284 AD2d 352, 353 [2001]; *Cenovski v Lee,* 266 AD2d 424 [1999]). On these facts, the jury could not have returned a verdict that the defendant was not negligent on any fair interpretation of the evidence (*see Batal v Associated Univs., supra*; *Salamone v Barenbaum,* 281 AD2d 199 [2001]; *Iqbal v Rubin,* 238 AD2d 378, 379 [1997]; *Mohamed v Frische,* 223 AD2d 628 [1996]; *Weiser v Dalbo,* 184 AD2d 935, 936 [1992]). Thus, its verdict should have been set aside. H. Miller, J.P., Cozier, Ritter and Spolzino, JJ., concur.