[864 NE2d 65, 832 NYS2d 141]

LENA C. TEDESCO, Individually and as Executrix of FRANK TE-
DESCO, Deceased, Respondent, v A.P. GREEN INDUSTRIES,
INC., et al., Defendants, and INSULATION DISTRIBUTORS, INC.,
Respondent and Third-Party Plaintiff-Respondent. E.I. DU
PONT DE NEMOURS AND COMPANY, Third-Party Defendant-
Appellant.

Argued January 9, 2007; decided February 22, 2007

**POINTS OF COUNSEL**

*Lipsitz & Ponterio, LLC,* Buffalo (*John Ned Lipsitz* and *Anne E. Joynt* of counsel), for Lena C. Tedesco, respondent. I. Supreme Court properly exercised its discretion in denying Insulation Distributors, Inc.'s motion for leave to amend its answer to plead the affirmative defense of lack of capacity to be sued, because Insulation Distributors offered no reasonable excuse for its delay, plaintiff would be prejudiced by Insulation Distributors' delay if the motion were granted, and there is no merit to Insulation Distributors' lack of capacity defense. (*Rose v Velletri,* 202 AD2d 566; *Baker v Keller,* 241 AD2d 947; *Cameron v 1199 Hous. Corp.,* 208 AD2d 454; *Fulford v Baker Perkins, Inc.,* 100 AD2d 861.) II. Supreme Court correctly decided that plaintiff could sue Insulation Distributors, Inc. for decedent's injurious exposure to asbestos, which occurred prior to Insulation Distributors' dissolution. (*City of New York v New York & S. Brooklyn Ferry & Steam Transp. Co.,* 231 NY 18; *Independent Inv. Protective League v Time, Inc.,* 50 NY2d 259; *Matter of Rodgers v Logan,* 121 AD2d 250; *Gutman v Club Mediterranee Intl.,* 218 AD2d 640; *Briere v Barbera,* 163 AD2d 659; *Schmidt v Merchants Despatch Transp. Co.,* 270 NY 287; *Matter of Steinhardt v Johns-Manville Corp.,* 54 NY2d 1008; *Schwartz v Heyden Newport Chem. Corp.,* 12 NY2d 212; *Penny v United Fruit Co.,* 869 F Supp 122; *Consorti v Owens-Corning Fiberglas Corp.,* 86 NY2d 449.)

*Damon & Morey LLP,* Buffalo (*Amy Archer Flaherty* and *Carol G. Snider* of counsel), for Insulation Distributors, Inc., respondent and third-party plaintiff-respondent. I. Although a dissolved corporation, Insulation Distributors, Inc. has the legal capacity to sue E.I. du Pont de Nemours and Company for contribution and indemnification. (*Gutman v Club Mediterranee Intl.,* 218 AD2d 640; *Briere v Barbera,* 163 AD2d 659; *Lorisa Capital Corp. v Gallo,* 119 AD2d 99; *Matter of Milton L. Ehrlich, Inc. [Unit Frame & Floor Corp.],* 5 NY2d 275; *Matter of Rodgers v Logan,* 121 AD2d 250; *McDermott v City of New York,* 50 NY2d 211, 1059; *Matter of Valstrey Serv. Corp. v Board of Elections, Nassau County,* 2 NY2d 413; *Bay Ridge Air Rights v State of New York,* 44 NY2d 49; *Nassau Roofing & Sheet Metal Co. v Celotex Corp.,* 70 AD2d 395; *Consorti v Owens-Corning Fiberglas Corp.,* 86 NY2d 449.) II. In the alternative, if Insulation Distributors, Inc. lacks the legal capacity to sue, it similarly lacks the legal capacity to be sued and plaintiff's complaint must therefore be dismissed. (*Mas v Two Bridges Assoc.,* 75 NY2d 680.) III. Appellant abandoned its argument that the third-party complaint must be dismissed for Insulation Distributors, Inc.'s failure to comply with discovery and, in any event, CPLR 5501 does not authorize this Court to review the finding of the Fourth Department that third-party defendant's argument is without merit. (*Patrician Plastic Corp. v Bernadel Realty Corp.,* 25 NY2d 599; *Matter of Allen v Rizzardi,* 5 NY2d 493; *Emanuel v Broadway Mall Props.,* 293 AD2d 708; *Brandes v Pirnie-Baker,* 288 AD2d 413; *Metropolitan Life Ins. Co. v Falk & Co.,* 265 AD2d 203.)

*Phillips Lytle LLP,* Buffalo (*Paul F. Jones, Lisa L. Smith, J. Michael Lennon, Jessica M. Lazarin* and *Jacqueline Phipps Polito* of counsel), for third-party defendant-appellant. I. Insulation Distributors, Inc. has no legal capacity to bring suit. (*Dunn v Uvalde Asphalt Paving Co.,* 175 NY 214; *McDermott v City of New York,* 50 NY2d 211; *Ralston Purina Co. v McKee & Co.,* 174 AD2d 1060; *Cubito v Kreisberg,* 69 AD2d 738, 51 NY2d 900; *Musco v Conte,* 22 AD2d 121; *Satta v City of New York,* 272 App Div 782; *Bay Ridge Air Rights v State of New York,* 44 NY2d 49; *Tavernier v Toner,* 155 AD2d 948; *Consorti v Owens-Corning Fiberglas Corp.,* 86 NY2d 449; *Lorisa Capital Corp. v Gallo,* 119 AD2d 99.) II. Insulation Distributors, Inc.'s refusal and inability to provide meaningful discovery responses emphasizes the sound policy reasons behind Business Corporation Law § 1006 (b) and is an alternate ground for reversal. (*Brown v Michelin Tire Corp.,* 204 AD2d 255; *Wolfson v Nassau County Med. Ctr.,* 141 AD2d 815.)

SMITH, J.

We hold that a dissolved corporation may, as part of winding up its affairs, bring a third-party claim for indemnity or contribution in an action arising out of predissolution events.

## Facts and Procedural History

Insulation Distributors, Inc. (IDI) was a distributor of products containing asbestos, and as a result became a defendant in a number of lawsuits. In this case, IDI was sued by the estate of Frank Tedesco, who worked for many years as an electrician for E.I. du Pont de Nemours and Company (DuPont). Tedesco allegedly came in contact with IDI's products during the course of his work with DuPont, from which he retired in 1992.

IDI went out of business in 1996, and was dissolved for nonpayment of taxes in 1999. In 2000, Tedesco was diagnosed with illnesses allegedly caused by asbestos; he died later that year. His estate brought this action against IDI and others in 2001. IDI answered the complaint and brought a third-party action against DuPont for contribution or indemnification.

In the course of discovery, IDI relied on its status as a dissolved corporation in objecting to certain of DuPont's discovery requests. DuPont then moved to amend its answer to the third-party complaint to assert a defense of lack of capacity to sue, and sought dismissal of the third-party complaint on that ground. Supreme Court permitted the amendment and dismissed the third-party complaint on the ground of lack of capacity. The Appellate Division reversed, but granted DuPont leave to appeal to this Court. We now affirm.

## Discussion

Business Corporation Law §§ 1005 and 1006 govern the capacity of a dissolved corporation to bring suit. Section 1005 (a) (1) provides: "After dissolution . . . [t]he corporation shall carry on no business except for the purpose of winding up its affairs." Section 1006 (a) provides:

> "A dissolved corporation, its directors, officers and shareholders may continue to function for the purpose of winding up the affairs of the corporation in the same manner as if the dissolution had not

taken place, except as otherwise provided in this chapter or by court order. In particular, and without limiting the generality of the foregoing: . . .

"(4) The corporation may sue or be sued in all courts and participate in actions and proceedings, whether judicial, administrative, arbitrative or otherwise, in its corporate name, and process may be served by or upon it."

Under these statutes, IDI had capacity to bring its third-party claim against DuPont so long as that activity was part of "winding up its affairs." Clearly, it was. To wind up its affairs, IDI had either to settle or defend the asbestos claims against it, including the one by Tedesco's estate. To assert a third-party claim for contribution or indemnification is a normal part of defending an asbestos claim, and is plainly authorized by Business Corporation Law § 1005 (a) (1) and § 1006 (a). While the power to bring such a claim might well be implicit in the general power of a dissolved corporation to wind up its affairs, that power is made explicit by the specific authorization to "sue or be sued . . . and participate in actions and proceedings" (§ 1006 [a] [4]).

DuPont's argument that IDI lacks capacity to sue depends primarily on Business Corporation Law § 1006 (b), which provides:

"The dissolution of a corporation shall not affect any remedy available to or against such corporation, its directors, officers or shareholders for any right or *claim existing* or any liability incurred *before such dissolution*, except as provided in sections 1007 (Notice to creditors; filing or barring claims) or 1008 (Jurisdiction of supreme court to supervise dissolution and liquidation)" (emphasis added).

DuPont's argument is that IDI's claim against it was not a "claim existing" before IDI's dissolution in 1999. DuPont is correct that the claim had not yet accrued for statute of limitations purposes—and indeed, it has not yet accrued. The statute of limitations on a claim for indemnity or contribution accrues only when the person seeking indemnity or contribution has paid the underlying claim (*McDermott v City of New York*, 50 NY2d 211, 217 [1980]; *Bay Ridge Air Rights v State of New York*, 44 NY2d 49, 53 [1978]). Also, a critical prerequisite to IDI's action against DuPont was lacking at the time of IDI's dis-

solution, for Tedesco had not then suffered a "grave injury" within the meaning of Workers' Compensation Law § 11, which limits claims against an injured person's employer to cases involving death and some other injuries specified in the statute. Tedesco was not known to have suffered any injury at all in 1999, and did not suffer a "grave injury" until 2000.

Thus, IDI had no more than a contingent claim against Du-Pont in 1999. We need not, however, decide whether a claim that is only contingent may be a "claim existing" within the meaning of Business Corporation Law § 1006 (b). That statute says that dissolution "shall not affect any remedy . . . for any right or claim existing . . . before such dissolution," but it does not say, and we do not read it to imply, that no claim coming into existence after dissolution may ever be pursued.

If the statute were read to preclude all suits on claims not ripe at the time of dissolution, it would produce anomalous results. For example, a debt to a dissolved corporation that became due on the day after dissolution would be uncollectible, and the debtor would receive a windfall. Section 1006 (b) should not be interpreted to impair the capacity of a dissolved corporation like IDI to bring lawsuits appropriate to "winding up its affairs," a capacity clearly established by sections 1005 (a) and 1006 (a). Thus the Appellate Division was correct in rejecting DuPont's lack of capacity defense.

DuPont also offers an alternative ground for dismissal of the third-party claim—IDI's alleged failure to provide discovery. The Appellate Division did not abuse its discretion in holding that dismissal on this ground was unwarranted. We express no other opinion on the parties' discovery disputes, which remain for Supreme Court to decide.

Accordingly, the order of the Appellate Division should be affirmed, with costs, and the certified question answered in the affirmative.

Chief Judge KAYE and Judges CIPARICK, GRAFFEO and READ concur; Judges PIGOTT and JONES taking no part.

Order affirmed, etc.