■ PETER SCHORR et al., Appellants, v STUART STEINER, Respondent. [849 NYS2d 39]—

Order, Supreme Court, New York County (Joan A. Madden, J.), entered April 23, 2004, which, to the extent appealed from as limited by the briefs, denied plaintiffs' motion for partial summary judgment and implicitly denied their request for leave to replead to assert direct claims, and order, same court and Justice, entered March 11, 2005, which, pursuant to CPLR 3211, dismissed the second amended complaint, unanimously modified, on the law, to the extent of granting Star Meth leave to assert direct claims against defendant, and otherwise affirmed, without costs.

Plaintiffs' motion for summary judgment on their breach of fiduciary claim against defendant, a former Star Meth employee, was properly denied. As the motion court found, questions of fact exist, inter alia, as to whether plaintiff Peter Schorr ratified defendant's fraudulent payroll scheme when, after discovering

stabilized tenant. It was this method that was utilized to calculate the tenant's rent in this proceeding.

it six years before commencement of this action, he gave defendant a raise instead of firing him and whether, given each plaintiff's differing testimony, the oral assignment by their respective fathers, the founders and sole shareholders of now-dissolved Star Meth, gave plaintiffs the right to pursue claims on behalf of Star Meth.

The second amended complaint, to the extent it purported to assert a derivative claim, was also properly dismissed. On its face, it clearly did not comply with the court's directive limiting the complaint to derivative claims only. Not only did the second amended complaint impermissibly seek relief on behalf of the individual plaintiffs, as reflected in the caption and the wherefore clause, it added a new party, Star Meth, as a plaintiff, to the caption. Substantively, the individual plaintiffs' lack of legal capacity to pursue a derivative action was demonstrated by, inter alia, their failure to adduce any evidence that (1) they were either Star Meth shareholders or "beneficial" owners at the time of the alleged fraud *and* when they commenced this action (Business Corporation Law § 626 [a], [b]; *see Pessin v Chris-Craft Indus.*, 181 AD2d 66, 70 [1992]), and (2) that Star Meth considered and refused to bring this action in its own name (Business Corporation Law § 626 [c]).

Supreme Court erred, however, in denying plaintiffs' request for leave to allow Star Meth to assert direct claims against defendant. Both the complaint and first amended complaint provided defendant with notice that Star Meth allegedly sustained damages as a result of defendant's conduct. No new facts or theories were injected by plaintiffs' requests that Star Meth be permitted to assert direct claims against defendant. Thus, defendant would not sustain any prejudice as a result of the amendment (*see Watts v Wing*, 308 AD2d 391, 392 [2003]). Moreover, plaintiffs demonstrated that Star Meth's proposed direct claims are potentially meritorious. Star Meth, a dissolved corporation, may prosecute this action, which seeks to recover damages sustained prior to its dissolution, as part of the course of winding up its affairs (Business Corporation Law §§ 1005, 1006; *see Tedesco v A.P. Green Indus., Inc.*, 8 NY3d 243, 246 [2007]). Concur—Gonzalez, J.P., Sweeny, McGuire, Malone and Kavanagh, JJ.