JILLIAN O' CONNELL, Appellant, v DL PETERSON TRUST/ ABBOTT LABS et al., Respondents. [889 NYS2d 96]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of a judgment of the Supreme Court, Kings County (Held, J.), dated April 23, 2008, as, upon a jury verdict in favor of the defendants and against her on the issue of liability, and upon the denial of her motion pursuant to CPLR 4401 for judgment as a matter of law, or alternatively, pursuant to CPLR 4404 to set aside the verdict as against the weight of the evidence, is in favor of the defendants and against her, dismissing her complaint.

Ordered that the judgment is reversed insofar as appealed from, on the law, without costs or disbursements, that branch of

the plaintiffs' motion which was pursuant to CPLR 4404 to set aside the verdict as against the weight of the evidence is granted, the complaint is reinstated, and the matter is remitted to the Supreme Court, Kings County, for a new trial.

The plaintiff was injured when the car she was operating collided with a car operated by the defendant Tierney Cortese at the intersection of Wythe Avenue and North 7th Street in Brooklyn. At the time of the accident, the vehicle operated by Cortese was proceeding eastbound on North 7th Street, which was controlled by a stop sign at the intersection with Wythe Avenue. The plaintiff's vehicle, which was proceeding southbound on Wythe Avenue, a through road, struck the Cortese vehicle on the rear driver's side, approximately three quarters of the way through the intersection. Cortese testified that she stopped at the stop sign, but her view was obstructed by vehicles parked along North 7th Street and Wythe Avenue, so she moved forward two to four feet and stopped again. However, her view was still somewhat obstructed. Not seeing any approaching traffic, she proceeded through the intersection. Cortese testified that she did not see the plaintiff prior to impact.

The jury returned a verdict finding the defendants not negligent. The trial court subsequently denied the plaintiff's motion to set aside the verdict.

Under the facts of this case, as a matter of law, Cortese violated Vehicle and Traffic Law § 1172 (a) and § 1142 (a) by proceeding into the intersection without a clear view of approaching traffic and without yielding the right-of-way to the plaintiff. Such violations constituted negligence as a matter of law and could not be disregarded by the jury (see Dileo v Barreca, 16 AD3d 366, 367-368 [2005]; Garrett v Manaser, 8 AD3d 616, 617 [2004]; Batal v Associated Univs., 293 AD2d 558, 559 [2002]). Moreover, Cortese was obligated to see that which by the proper use of her senses she should have seen (see Rahaman v Abodeledhman, 64 AD3d 552 [2009]; Larsen v Spano, 35 AD3d 820, 822 [2006]), and the plaintiff, as the driver with the right-of-way, was entitled to anticipate that Cortese would obey traffic laws which required her to yield (see Rahaman v Abodeledhman, 64 AD3d 552 [2009]; Lagana v Fox, 6 AD3d 583 [2004]; see also Klein v Byalik, 1 AD3d 399, 400 [2003]). On these facts, the jury could not have returned a verdict that Cortese was not negligent on any fair interpretation of the evidence (see Garrett v Manaser, 8 AD3d at 617; Batal v Associated Univs., Inc., 293 AD2d at 559). Thus, the verdict should have been set aside. However, the plaintiff was not entitled to judgment as a matter of law in her favor, as there is an issue of fact

as to whether she was also at fault in causing the accident (*see Domanova v State of New York*, 41 AD3d 633, 634-635 [2007]; *Larsen v Spano*, 35 AD3d at 821-822). Dillon, J.P., Dickerson, Belen and Roman, JJ., concur.