*14 OPINION OF THE COURT
Per Curiam.
Order, dated April 6, 2009 which granted defendant’s “supplemental” motion for summary judgment, reversed, without costs, motion denied, complaint reinstated and matter remanded for trial; and order dated April 6, 2009 which denied defendant’s underlying motion for summary judgment dismissing the complaint, affirmed, without costs.
Defendant’s “supplemental” motion for summary judgment dismissing the complaint, which Civil Court treated as a motion to dismiss under CPLR 3211, should have been denied. The record demonstrates that, at least as of June 1988, defendant knew that plaintiff had been dissolved for nonpayment of taxes by proclamation of the New York State Secretary of State, yet defendant failed to move for leave to amend its answer to assert a defense based on plaintiffs alleged lack of capacity to maintain this action. Instead, defendant first raised this defense approximately 20 years later in January 2009. Based on these undisputed facts, defendant waived any defense based on plaintiffs alleged lack of capacity (see City of New York v State of New York, 86 NY2d 286, 292 [1995]; Security Pac. Natl. Bank v Evans, 31 AD3d 278 [2006], appeal dismissed 8 NY3d 837 [2007]). In any event, that defense lacks merit. This lawsuit was commenced prior to plaintiffs dissolution and involves, among other claims, an alleged breach of contract and breach of fiduciary duty arising prior to plaintiff’s dissolution. Therefore, plaintiff was permitted to pursue these claims in the course of winding up its affairs (see Business Corporation Law § 1006 [b]; Tedesco v A.P. Green Indus., Inc., 8 NY3d 243 [2007]; J. Sackaris & Sons, Inc. v Onekey, LLC, 60 AD3d 733 [2009]).
We note that this action was specifically authorized by the Bankruptcy Court overseeing plaintiffs predissolution bankruptcy reorganization for the benefit of, at least in part, *15 plaintiffs creditors. In particular, under plaintiffs amended plan of arrangement, as confirmed by the Bankruptcy Court, plaintiff obtained a discharge of all of its unsecured debts, but promised its general unsecured creditors “ten (10%) per cent of the net proceeds of any recovery” plaintiff obtained against defendant in this action.
With respect to defendant’s underlying motion for summary judgment dismissing the complaint on the merits, that motion was untimely (see CPLR 3212 [a]).
Accordingly, while we are not unmindful of the age of this case and the parties’ failure to diligently litigate the matter, we are constrained to reinstate the complaint. The parties are directed to proceed to an immediate trial.
McKeon, EJ., Shulman and Hunter, JJ., concur.