■ LANCE INTERNATIONAL, INC., Respondent, v FIRST NATIONAL CITY BANK, Appellant. [927 NYS2d 56]—

Contrary to defendant's contention, its defense is that plaintiff lacks capacity to sue, not that the court lacks subject matter jurisdiction (*see Security Pac. Natl. Bank v Evans*, 31 AD3d 278, 279-280 [2006], *appeal dismissed* 8 NY3d 837 [2007]). Contrary to plaintiff's contention, Civil Court did not raise the issue of lack of capacity sua sponte.

While a defense that a party lacks capacity to sue (*see* CPLR 3211 [a] [3]) is waived if not raised in a pre-answer motion or in a responsive pleading (*see* CPLR 3211 [e]), plaintiff's lack of capacity did not arise until after joinder of issue, and therefore, defendant did not waive that defense (*see George Strokes Elec. & Plumbing v Dye*, 240 AD2d 919, 920 [1997]).

A defendant may move for summary judgment based on an unpleaded defense (*see e.g. Rogoff v San Juan Racing Assn.*, 54 NY2d 883, 885 [1981]). Plaintiff can hardly claim prejudice or surprise from defendant's assertion that it lacked capacity to sue. In 1995, it moved to substitute its president as the plaintiff, arguing that he was "the real party in interest by virtue of the dissolution of the corporation."

Defendant's underlying motion for summary judgment was timely (*see* CPLR 3212 [a]). Plaintiff has supplied no proof in the record that Civil Court required defendant to file its summary judgment motion by July 21, 2008. Even if, arguendo, one judge of the Civil Court ordered defendant to file its motion by July 21, 2008, this order was superseded by the parties' October 16, 2008 stipulation, which set a briefing schedule for the motion and was so-ordered by another judge of the Civil Court.

Plaintiff's original note of issue, which was filed on October 19, 2007, "was, in effect, nullified" (*Negron v Helmsley Spear, Inc.*, 280 AD2d 305, 305 [2001]) when the action was removed from the trial calendar. Therefore, the operative note of issue is the one filed on April 25, 2008 (*see Williams v Peralta*, 37 AD3d 712, 713 [2007]), and the motion was timely.

This action for breach of contract was commenced in 1966. In 1975 plaintiff was dissolved by the Secretary of State for failure to pay taxes. Although the dissolved plaintiff was "properly permitted to pursue th[e breach of contract] claim in the course of winding up its affairs" (*J. Sackaris & Sons, Inc. v Onekey, LLC*, 60 AD3d 733, 734 [2009]; *see* Business Corporation Law § 1006), the winding up of affairs cannot continue indefinitely. Business Corporation Law § 1006 does not include any time limit for winding up the dissolved corporation's affairs. When a statute is silent, the courts will imply a reasonable period of time (*see e.g. Spiegelberg v Gomez*, 44 NY2d 920, 921 [1978]; *Matter of Jonathan Neil Corp. v State Liq. Auth.*, 112 AD2d 70, 72 [1985]).[1] Under these circumstances, as was noted by the Civil Court, where plaintiff only conducted business between 1959 and 1965; filed for bankruptcy in 1965 and never did business again; and was dissolved by the Secretary of State in 1975, plaintiff was not "winding up its affairs" in 2008 when defendant moved for summary judgment. Furthermore, that plaintiff assigned away its interest in this litigation in or about 1995 and moved to substitute its assignee, arguing that its assignee was the real party in interest, demonstrates that plaintiff was no longer winding up its affairs in 2008.

While we note that the delays in prosecuting this action are partially attributable to defendant's failure to comply with discovery demands, some of those delays occurred prior to dissolution and the last court order directing defendant to comply with discovery was issued in 1996. And, although defendant could have moved to dismiss for failure to prosecute after its second motion for summary judgment was denied in 1996, rather than permitting this action to languish from 1996 to 2008,[2] and/or could "have moved to dismiss or amend the pleadings to raise lack of capacity in a more timely manner" (*George*

---

**1.** "Where a state's business corporation laws do not provided [*sic*] an express time limitation for the winding up of corporate affairs, a dissolved corporation must finish liquidating its business and complete the winding up process within a reasonable time. What constitutes a reasonable time for a dissolved corporation to wind up its affairs before ceasing to exist altogether is generally a question of law for the court" (16A Fletcher, Cyclopedia of Corporations § 8173 [2011]).

**2.** Defendant served a 90-day notice but later withdrew it in January 1991.

*Strokes Elec. & Plumbing v Dye*, 240 AD2d 919, 920 [1997], *supra*), ultimately it was plaintiff's duty to prosecute its case and it failed to do so. Accordingly, summary judgment dismissing the complaint was warranted. Concur—Saxe, J.P., Catterson, Acosta, Abdus-Salaam and Román, JJ. [**Prior Case History: 27 Misc 3d 13.**]