██ DENTON WATSON et al., Appellants, v CARMEN T. NARAYANAN, Respondent. [52 NYS3d 413]—

Appeal and cross appeal from an order of the Supreme Court, Nassau County (Jerome C. Murphy, J.), entered June 2, 2016. The order, insofar as appealed from, granted that branch of the plaintiffs' motion which was to set aside a jury verdict as contrary to the weight of the evidence and for a new trial. The order, insofar as cross-appealed from, in effect, denied that branch of the plaintiffs' motion which was for judgment as a matter of law.

Ordered that the order is affirmed, without costs or disbursements.

The plaintiff Denton Watson (hereinafter the injured plaintiff), and his wife suing derivatively, commenced this action against the defendant, alleging that the defendant negligently drove her vehicle into an intersection without yielding the right-of-way to the injured plaintiff and caused him to fall from his bicycle. At trial, the evidence established that the injured plaintiff had been riding his bicycle east on West Seaman Avenue in Freeport, and that the defendant had been operating her vehicle south on New York Avenue. The defendant testified that her direction of travel was controlled by a stop sign at the intersection of West Seaman Avenue and New York Avenue, and that she stopped at the stop sign, looked both ways, did not observe any traffic, and proceeded into the intersection. The defendant's vehicle crossed the westbound lane of traffic of West Seaman Avenue and was almost through the intersection when the defendant allegedly saw the injured plaintiff for the first time on his bicycle in front of her vehicle. The injured plaintiff testified that he also saw the defendant's vehicle for the first time when he was directly in front of it, and that he swerved in an attempt to avoid being hit by the vehicle but lost control of his bicycle and fell to the ground.

The jury found that the defendant was not negligent. The plaintiffs moved pursuant to CPLR 4404 (a) to set aside the jury verdict and for judgment as a matter of law on the issue of liability or, in the alternative, to set aside the jury verdict as

contrary to the weight of the evidence and for a new trial. The Supreme Court granted that branch of the plaintiffs' motion which was to set aside the jury verdict as contrary to the weight of the evidence and for a new trial, and, in effect, denied that branch of their motion which was for judgment as a matter of law on the issue of liability. The defendant appeals, and the plaintiffs cross-appeal.

The Supreme Court properly granted that branch of the plaintiffs' motion which was to set aside the jury verdict in favor of the defendant as contrary to the weight of the evidence and for a new trial. Under the facts of this case, the defendant violated Vehicle and Traffic Law §§ 1142 (a) and 1172 (a) by proceeding through the intersection without yielding the right-of-way to the injured plaintiff (*see Luke v McFadden*, 119 AD3d 533, 533 [2014]; *Francavilla v Doyno*, 96 AD3d 714, 715 [2012]; *Goemans v County of Suffolk*, 57 AD3d 478, 479 [2008]). Such violations constitute negligence as a matter of law and could not properly be disregarded by the jury, notwithstanding that the injured plaintiff may have been negligent and his negligence may have contributed to the accident (*see Johnson v Ahmed*, 63 AD3d 1108, 1109 [2009]; *Perez v Paljevic*, 31 AD3d 520, 521-522 [2006]; *Moussouros v Liter*, 22 AD3d 469, 470 [2005]; *Lagana v Fox*, 6 AD3d 583, 583-584 [2004]; *Batal v Associated Univs.*, 293 AD2d 558, 559-560 [2002]; *Sonaike v Jenious*, 285 AD2d 457, 458 [2001]; *Nunziata v Birchell*, 238 AD2d 555, 556 [1997]). Accordingly, the jury could not have returned a verdict that the defendant was not negligent on any fair interpretation of the evidence (*see Connell v DL Peterson Trust/Abbott Labs*, 67 AD3d 874, 875 [2009]; *Perez v Paljevic*, 31 AD3d at 521-522).

However, the plaintiffs were not entitled to judgment as a matter of law on the issue of liability because there was evidence from which the jury could find that the injured plaintiff was also at fault in causing the accident (*see Canales v Arichabala*, 123 AD3d 869, 870 [2014]; *Chang-Hoon Lee v Kew Gardens Sung Shin Refm. Church of N.Y.*, 84 AD3d 1299, 1299-1300 [2011]; *Cox v Weil*, 66 AD3d 634, 635 [2009]; *Borukhow v Cuff*, 48 AD3d 726, 727 [2008]; *see also Tapia v Royal Tours Serv., Inc.*, 67 AD3d 894, 896 [2009]; *cf. Barbato v Maloney*, 94 AD3d 1028, 1029 [2012]; *Rahaman v Abodeledhman*, 64 AD3d 552, 553-554 [2009]). Accordingly, the Supreme Court properly, in effect, denied this branch of the plaintiffs' motion (*see Connell v DL Peterson Trust/Abbott Labs*, 67 AD3d at 875-876; *Perez v Paljevic*, 31 AD3d at 521-522).

The defendant's remaining contention is without merit. Dillon, J.P., Cohen, Maltese and Duffy, JJ., concur.