Mack v Harley (2018 NY Slip Op 06521)





Mack v Harley


2018 NY Slip Op 06521


Decided on October 3, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 3, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
SHERI S. ROMAN
ROBERT J. MILLER
VALERIE BRATHWAITE NELSON, JJ.


2016-02793
 (Index No. 12037/12)

[*1]Saketa McGhee Mack, respondent, 
v
Greg Harley, et al., appellants.


Lewis Johs Avallone Aviles, LLP, Islandia, NY (Robert A. Lifson of counsel), for appellants.
Ketover & Associates, LLC (Judah Z. Cohen, PLLC, Woodmere, NY, and Joshua S. Ketover of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from an order of Supreme Court, Queens County (Duane A. Hart, J.), dated January 29, 2016. The order granted the plaintiff's motion for summary judgment on the issue of liability.
ORDERED that the order is reversed, on the law, with costs, and the plaintiff's motion for summary judgment on the issue of liability is denied.
This action arises out of a two-vehicle collision involving a vehicle that was owned and operated by the plaintiff and a vehicle that was owned by the defendant Owens Transportation and operated by the defendant Greg Harley. The collision occurred at the intersection of Guy R. Brewer Boulevard and 144th Avenue in Queens as the plaintiff was attempting to make a left turn from the northbound lane of Guy R. Brewer Boulevard onto 144th Avenue. According to the plaintiff, she stopped at the intersection before making the turn and saw that there were several vehicles in the southbound lane that were stopped for a traffic light further away. Since these cars had left the intersection clear, she proceeded to turn. At that time, the plaintiff's vehicle collided with the vehicle being driven by Harley, which was traveling southbound on the paved portion of the street to the right of the stopped vehicles.
The plaintiff commenced this negligence action to recover damages for the personal injuries she allegedly sustained as a result of the accident. A first note of issue was filed on September 20, 2013, but the parties subsequently stipulated to take the matter off the trial calendar in order to resolve outstanding discovery issues. In an order dated July 31, 2015, the Supreme Court directed the plaintiff to file a new note of issue no later than August 20, 2015. The plaintiff filed the second note of issue on or about August 6, 2015. The plaintiff then moved for summary judgment on the issue of liability. In an order dated January 29, 2016, the Supreme Court granted the motion. The defendants appeal.
Contrary to the defendants' contention, the plaintiff's motion was not untimely pursuant to CPLR 3212(a). The note of issue filed on September 20, 2013, was, in effect, nullified when the case was removed from the trial calendar (see Lance Intl., Inc. v First Natl. City Bank, 86 [*2]AD3d 479, 480; Farrington v Heidkamp, 26 AD3d 459, 460; Negron v Helmsley Spear, Inc., 280 AD2d 305, 305; Bono v Barzallo, 260 AD2d 592). Therefore, the operative note of issue was filed on or about August 6, 2015 (see Lance Intl., Inc. v First Natl. City Bank, 86 AD3d at 480; Williams v Peralta, 37 AD3d 712, 713), and the motion was timely.
The defendants correctly contend, however, that the Supreme Court erred in granting the plaintiff's motion on the merits. In support of her motion, the plaintiff asserted that Harley had violated Vehicle and Traffic Law §§ 1120, 1123, and 1131, and therefore was negligent as a matter of law (cf. Watson v Narayanan, 149 AD3d 1012, 1013; Ricciardi v Nelson, 142 AD3d 492, 493). Vehicle and Traffic Law § 1131 is inapplicable, as the subject accident did not occur on a controlled-access highway (see Vehicle and Traffic Law § 109 [defining a controlled-access highway]). In addition, the evidence submitted by the plaintiff established that Harley did not violate Vehicle and Traffic Law § 1120, which requires vehicles to be driven on the right half of the roadway, with exceptions not relevant to this case. Finally, the plaintiff failed to eliminate all triable issues of fact as to whether Harley violated Vehicle and Traffic Law § 1123. Significantly, contrary to the plaintiff's contention, that provision allows for overtaking or passing a vehicle on the right under certain conditions, and she failed to establish that no such conditions were present here. Since the plaintiff failed to meet her burden of establishing her prima facie entitlement to judgment as a matter of law, her motion for summary judgment on the issue of liability should have been denied, without regard to the sufficiency of the papers submitted by the defendants in opposition (see Esurance v Braha, 116 AD3d 917, 918; Regans v Baratta, 106 AD3d 893, 894; Ayala v Jasons Towing, Inc., 105 AD3d 689, 690).
In light of our determination, we do not reach the defendants' remaining contentions.
BALKIN, J.P., ROMAN, MILLER and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court