Ramirez v Cruse (2020 NY Slip Op 04334)





Ramirez v Cruse


2020 NY Slip Op 04334


Decided on July 29, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 29, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
CHERYL E. CHAMBERS
SHERI S. ROMAN
VALERIE BRATHWAITE NELSON, JJ.


2018-14815
 (Index No. 11976/14)

[*1]Washington Ramirez, appellant, 
v
Kelly A. Cruse, et al., respondents.


Gordon & Gordon, P.C., Forest Hills, NY (Jason S. Matuskiewicz of counsel), for appellant.
Picciano & Scahill, P.C., Bethpage, NY (Keri A. Wehrheim and Gerard Ferrara of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Queens County (Pam B. Jackman Brown, J.), entered May 21, 2018. The judgment, upon the denial of the plaintiff's motion pursuant to CPLR 4401, made at the close of evidence, for judgment as a matter of law on the issue of liability as against the defendant Kelly A. Cruse, upon a jury verdict in favor of the defendant Kelly A. Cruse and against the plaintiff on the issue of liability, and upon the denial of the plaintiff's motion pursuant to CPLR 4404(a) to set aside the jury verdict as contrary to the weight of the evidence and for a new trial, is in favor of the defendant Kelly A. Cruse and against the plaintiff dismissing the complaint.
ORDERED that the judgment is reversed, on the law, with costs, the plaintiff's motion pursuant to CPLR 4404(a) to set aside the jury verdict as contrary to the weight of the evidence and for a new trial is granted, the complaint is reinstated, and the matter is remitted to the Supreme Court, Queens County, for a new trial on the issue of liability.
On May 22, 2014, the plaintiff and the defendant Kelly A. Cruse (hereinafter the defendant) were involved in a motor vehicle collision at the intersection of Union Avenue and Frost Street in Brooklyn. The vehicle operated by the plaintiff was traveling on Union Avenue, which was not controlled by a stop sign at the subject intersection. The vehicle operated by the defendant was traveling on Frost Street, which was controlled by a stop sign.
On August 8, 2014, the plaintiff commenced this action to recover damages for personal injuries allegedly sustained by him. At a jury trial, the defendant testified that she stopped at the stop sign, checked for pedestrians and vehicles, and then proceeded into the intersection, where her vehicle was struck by the plaintiff's vehicle. The plaintiff testified that the defendant's vehicle "went through like a bullet" and that when he observed it, approximately five seconds before the impact, he applied his brakes and sounded the horn.
At the close of evidence, the plaintiff moved pursuant to CPLR 4401 for judgment as a matter of law on the issue of liability. The Supreme Court denied his motion. Thereafter, the jury rendered a verdict finding that the defendant was not negligent. The plaintiff then moved [*2]pursuant to CPLR 4404(a) to set aside the jury verdict as contrary to the weight of the evidence and for a new trial. The court denied that motion. A judgment was entered in favor of the defendant and against the plaintiff dismissing the complaint. The plaintiff appeals from the judgment.
A motion for judgment as a matter of law pursuant to CPLR 4401 may be granted only when the trial court determines that, upon the evidence presented, there is "no rational process by which the jury could find in favor of the nonmoving party" (Tapia v Dattco, Inc., 32 AD3d 842, 844; see Szczerbiak v Pilat, 90 NY2d 553, 556). In considering such a motion, "the trial court must afford the party opposing the motion every inference which may properly be drawn from the facts presented, and the facts must be considered in a light most favorable to the nonmovant" (Szczerbiak v Pilat, 90 NY2d at 556; see Cicola v County of Suffolk, 120 AD3d 1379, 1381).
Moreover, a jury verdict should not be set aside pursuant to CPLR 4404(a) as contrary to the weight of the evidence unless the verdict could not have been reached on any fair interpretation of the evidence (see Lolik v Big V Supermarkets, 86 NY2d 744; Nicastro v Park, 113 AD2d 129).
Here, the Supreme Court should have granted the plaintiff's motion pursuant to CPLR 4404(a) to set aside the jury verdict as contrary to the weight of the evidence and for a new trial. The evidence established that the defendant violated Vehicle and Traffic Law §§ 1142(a) and 1172(a) (see Luke v McFadden, 119 AD3d 533; Mohammad v Ning, 72 AD3d 913, 914; Yelder v Walters, 64 AD3d 762, 763-764; Johnson v Ahmed, 63 AD3d 1108; Moussouros v Liter, 22 AD3d 469). The defendant's statutory duty to yield to the plaintiff continued even after the defendant entered the intersection. Such statutory violations constitute negligence as a matter of law and could not properly be disregarded by the jury (see Johnson v Ahmed, 63 AD3d at 1109; Moussouros v Liter, 22 AD3d at 470). Accordingly, the jury could not have returned a verdict that the defendant was not negligent on any fair interpretation of the evidence (see Watson v Narayanan, 149 AD3d 1012, 1013).
However, we agree with the Supreme Court's determination to deny the plaintiff's motion pursuant to CPLR 4401, made at the close of evidence, for judgment as a matter of law on the issue of liability. The plaintiff was not entitled to judgment as a matter of law on the issue of liability because there was evidence from which the jury could find that the plaintiff was also at fault in causing the accident (see Watson v Narayanan, 149 AD3d at 1013; Connell v DL Peterson Trust/Abbott Labs, 67 AD3d 874).
The plaintiff's remaining contention is without merit.
RIVERA, J.P., CHAMBERS, ROMAN and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court