TADCO Constr. Corp. v Dormitory Auth. of the State of N.Y. (2022 NY Slip Op 00990)





TADCO Constr. Corp. v Dormitory Auth. of the State of N.Y.


2022 NY Slip Op 00990


Decided on February 15, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 15, 2022

Before: Kapnick, J.P., Webber, Gesmer, Scarpulla, Shulman, JJ. 


Index No. 600038/07 Appeal No. 15290-15290A Case No. 2020-02309, 2020-02675 

[*1]TADCO Construction Corp., Plaintiff-Appellant,
v
Dormitory Authority of the State of New York, Defendant-Respondent.


Bryan Ha, White Plains, for appellant.
Letitia James, Attorney General, New York (Mark S. Grube of counsel), for respondent.



Order, Supreme Court, New York County (James Edward D'Auguste, J.), entered October 9, 2019, which, to the extent appealed from as limited by the briefs, granted defendant's motion to dismiss the complaint, unanimously reversed, on the law, without costs, and the motion denied. Appeal from order, same court and Justice, entered April 29, 2020, which denied plaintiff's motion to renew and reargue defendant's motion to dismiss, unanimously dismissed, without costs, as academic.
Plaintiff initially commenced an action in federal court in 2007 to recover amounts it claimed it was owed by defendant in connection with a construction project, and then commenced this action in 2014 after the federal court dismissed its pendent state law claims without prejudice. During that time, plaintiff, which had been dissolved by the New York Secretary of State in 2012 for failure to pay taxes, was also pursuing other actions against defendant arising from other projects and defending against claims by the New York State Department of Labor for wage violations.
A dissolved corporation is permitted to pursue claims and liabilities that arose prior to dissolution as part of the winding up process (Business Corporation Law §§ 1005[a][1]; 1006[a][4]; [b]; Tedesco v A.P. Green Indus., Inc., 8 NY3d 243 [2007]; MMI Trading, Inc. v Nathan H. Kelman, Inc., 120 AD3d 478, 478-480 [2d Dept 2014]). Plaintiff's commencement of this litigation, as well as the settlement of other predissolution claims against defendant, and its use of settlement funds to satisfy its outstanding liabilities in the wage violations case, are expressly contemplated and authorized by Business Corporation Law § 1006(a)(4). Thus, it was error to find that plaintiff's dissolution resulted in it lacking capacity to maintain this action against defendant for work performed before plaintiff was dissolved (see Schorr v Steiner, 46 AD3d 435, 436 [1st Dept 2007]).
Contrary to defendant's contention, plaintiff's winding up period has not been so extended as to be considered unreasonable (see MMI Trading Inc., 120 AD3d at 480; cf. Lance Intl., Inc. v First Natl. City Bank, 86 AD3d 479 [1st Dept 2011], lv dismissed 17 NY3d 922 [2011] [finding that dissolved corporation was no longer winding up its affairs where it had been dissolved more than 30 years earlier and had assigned its interest in the litigation]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 15, 2022