New Generation Wellness Chiropractic, P.C. v Country-Wide Ins. Co. (2022 NY Slip Op 22171)

New Generation Wellness Chiropractic, P.C. v Country-Wide Ins. Co.

2022 NY Slip Op 22171 [75 Misc 3d 54]

Accepted for Miscellaneous Reports Publication

Supreme Court, Appellate Term, Second Department, 2d, 11th 
and 13th Judicial Districts

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

As corrected through Wednesday, August 3, 2022

[*1]

New Generation Wellness Chiropractic, P.C., as Assignee of Jerusalem Hunt, Appellant,
v
Country-Wide Insurance Company, Respondent.

Supreme Court, Appellate Term, Second Department, 2d, 11th and 13th Judicial Districts, May 13, 2022

New Generation Wellness Chiropractic P.C. v Country-Wide Ins. Co., 66 Misc 3d 1207(A), 2020 NY Slip Op 50017(U), reversed.

APPEARANCES OF COUNSEL

Glinkenhouse Queen (Alan S. Queen of counsel) for appellant.
The Law Office of Thomas Torto (Jason Levine of counsel) for respondent.

{**75 Misc 3d at 55} OPINION OF THE COURT

Memorandum.

Ordered that the order, insofar as appealed from, is reversed, with $30 costs, the branch of plaintiff's motion seeking to recalculate, from a simple rate to a compound rate, an award of statutory no-fault interest in a judgment entered December 12, 2017, is granted, and defendant's cross motion to vacate the judgment and dismiss the complaint is denied.
In or about July 2002, plaintiff commenced this action to recover assigned first-party no-fault benefits for services it rendered in August through October 2000 to its assignor who was injured in a motor vehicle accident on August 20, 2000. Defendant appeared and answered. On July 29, 2009, the State of New York dissolved plaintiff by proclamation. A settlement letter was drafted, which was signed by plaintiff's attorney on August 12, 2009, which stated that the parties agreed that the action would be discontinued after defendant paid plaintiff{**75 Misc 3d at 56} $621, which sum was inclusive of attorney's fees, costs and interest. The third paragraph of the letter referenced the provisions of CPLR 5003-a, while a sentence following that paragraph stated, "Please mail your settlement check promptly according to CPLR 5003 [sic, presumably CPLR 5003-a]." On August 13, 2009, defendant's attorney signed the letter after modifying it by striking out its third paragraph and by adding handwritten language, to wit, "Payment to issue within 90 days with 14 days prior written notice to deft attorneys; judgment to issue in settled amount." The sentence requesting prompt payment in accordance with the CPLR was not stricken. It is uncontroverted that defendant did not pay the amount set forth in the settlement. [*2]In May 2017, plaintiff sought to enter a judgment and submitted, among other things, a copy of the modified settlement letter and an ex parte proposed judgment to the clerk of the Civil Court. On December 12, 2017, a judgment was entered awarding plaintiff, insofar as is relevant to this appeal, $1,151.90 in interest accruing from August 12, 2009.
In January 2018, plaintiff moved to, among other things, recalculate the interest awarded in the judgment on the ground that it had erroneously been calculated at a simple rate instead of at a compound rate as allowed by Insurance Department Regulations (11 NYCRR) former § 65.15 (h). Defendant opposed the motion and cross-moved for "an Order . . . vacating the judgment . . . in favor of plaintiff and dismissing this action upon the grounds that the Secretary of State dissolved plaintiff and annulled its authority on July 29, 2009 and it has not been reinstated." Plaintiff opposed the cross motion, to which defendant replied.
By order entered January 3, 2020, the Civil Court denied plaintiff's motion and granted defendant's cross motion. The court vacated the judgment pursuant to CPLR 5015 and dismissed the complaint pursuant to CPLR 1017 and 1021 "due to the failure to substitute the Plaintiff as a party within a reasonable time after Plaintiff dissolved" (New Generation Wellness Chiropractic P.C. v Country-Wide Ins. Co., 66 Misc 3d 1207[A], 2020 NY Slip Op 50017[U], *6 [2020]). The court noted that the "record lacks any indication that the seven-year gap [between the August 2009 settlement letter and when plaintiff sought to enter judgment in May 2017] constitutes a reasonable time for Plaintiff to wind up its affairs" (2020 NY Slip Op 50017[U], *9). The Civil Court also found that the settlement{**75 Misc 3d at 57} "included a notice requirement" and that the judgment was "also properly vacated pursuant to CPLR 5015(a)(4) because Plaintiff failed to provide notice prior to entry" (id. at *4, *5). Plaintiff's motion was denied as moot.
On appeal, plaintiff contends that the branch of its motion seeking to recalculate the statutory no-fault interest should have been granted and that defendant's cross motion should have been denied, arguing, among other things, that the Civil Court improperly vacated the judgment pursuant to CPLR 5015; that Business Corporation Law §§ 1005 and 1006 control in the case at bar, not CPLR 1017 and 1021; and that the Civil Court improperly determined that plaintiff was not in the process of winding up its business affairs.
Contrary to the determination of the Civil Court, substitution was not required here under CPLR 1017 and 1021. Pursuant to Business Corporation Law §§ 1005 and 1006, following its dissolution, plaintiff was allowed to enter judgment and make its motion as part of the winding up of its business affairs. To the extent that Business Corporation Law §§ 1005 and 1006 can be deemed to be inconsistent with CPLR 1017 and 1021, the Business Corporation Law provisions govern (see CPLR 101). Business Corporation Law § 1005 (a) (2) "defines 'winding up' as the performance of acts directed toward the liquidation of the corporation, including the collection and sale of corporate assets" (Matter of 172 E. 122 St. Tenants Assn. v Schwarz, 73 NY2d 340, 349 [1989]). Business Corporation Law § 1006 includes, as part of "winding up," the right of a dissolved corporation to participate in actions and proceedings, whether judicial, administrative, arbitrative or otherwise, in its corporate name (Business Corporation Law § 1006 [a] [4]). Since Business Corporation Law § 1006 does not include any time limit for winding up the dissolved corporation's affairs, it is proper for courts to imply a reasonable period of time (see e.g. Spiegelberg v Gomez, 44 NY2d 920, 921 [1978]).
As the party moving for vacatur of a judgment and dismissal of the complaint on the [*3]ground that plaintiff lacked the capacity to enter judgment or to move to recalculate interest, defendant had the burden of demonstrating, prima facie, that plaintiff was not still winding up its affairs (see e.g. Greater Bright Light Home Care Servs., Inc. v Jeffries-El, 151 AD3d 818 [2017]; Singer v Riskin, 137 AD3d 999, 1000 [2016]; Brooklyn Elec. Supply Co., Inc. v Jasne & Florio, LLP, 84 AD3d 997 [2011]; Brach v Levine, 36 Misc 3d 1213[A], 2012 NY Slip Op{**75 Misc 3d at 58}51312[U] [Sup Ct, Kings County 2012]). A review of defendant's initial moving papers shows that it did not argue that plaintiff was not winding up its affairs. For the first time in reply, defendant argued that plaintiff had offered no explanation for its failure to move for entry of a judgment within a reasonable time following defendant's failure to pay the settlement and that "upon information and belief," plaintiff has not been engaged in active business operations since 2000. Since all the averments defendant made in support of its motion, both in its initial moving papers and in reply, were insufficient to show that plaintiff was not winding up its business affairs between the time of the August 2009 settlement letter and the time when plaintiff sought to enter judgment in May 2017, defendant failed to show that plaintiff lacked capacity. We note that numerous cases have held that a substantial number of years was not an unreasonable amount of time for a corporation to wind up its affairs (see Lamarche Food Prods. Corp. v 438 Union, LLC, 178 AD3d 910 [2019] [24 years between dissolution and action giving rise to lawsuit]; Greater Bright Light Home Care Servs., Inc. v Jeffries-El, 151 AD3d at 821 [11 years between dissolution and the motion to dismiss cross claims]; Moran Enters., Inc. v Hurst, 66 AD3d 972 [2009] [seven years between dissolution and the commencement of the lawsuit]; cf. Lance Intl., Inc. v First Natl. City Bank, 86 AD3d 479, 480 [2011]). Consequently, defendant did not demonstrate that its cross motion should be granted on the ground that plaintiff is not winding up its affairs.
As acknowledged by the Civil Court (see New Generation Wellness Chiropractic P.C. v Country-Wide Ins. Co., 2020 NY Slip Op 50017[U], *3), defendant did not argue in its cross motion that the settlement letter, as modified, required plaintiff to "provide notice prior to entry" of the judgment (id. at *4) or that the judgment should be vacated on the ground that plaintiff failed to provide such notice. Contrary to the Civil Court's order, this was not, under the circumstances presented, a proper alternative basis upon which to grant defendant's cross motion.
Plaintiff properly argues that the statutory no-fault interest awarded in the judgment from August 12, 2009, to the judgment date, December 12, 2017, should be recalculated from a simple rate to a compound rate (see Health Value Med., P.C. v Country Wide Ins. Co., 66 Misc 3d 127[A], 2019 NY Slip Op 52036[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2019]). {**75 Misc 3d at 59}Defendant had the opportunity to pay the settlement amount without the accrual of additional interest (see CPLR 5003-a [a]). Its failure to do so (either within the statutory time frame or the 90 days enumerated by modified letter, a determination which we need not make) allowed plaintiff to enter a judgment for that amount "together with costs and lawful disbursements, and interest" (CPLR 5003-a [e]). Contrary to defendant's argument in its respondent's brief, nine percent pursuant to CPLR 5004 is not the correct rate of interest because "Insurance Law § 5106 (a) and former 11 NYCRR 65.15 (h), which were specific directives, supersede the interest provisions contained in CPLR 5004, the more general statute" (Matter of B.Z. Chiropractic, P.C. v Allstate Ins. Co., 197 AD3d 144, 156 [2021]). The calculation of interest on the claims at issue is governed by the former no-fault regulations providing for compound interest (see Health Value [*4]Med., P.C. v Country Wide Ins. Co., 2019 NY Slip Op 52036[U]; Belt Parkway Imaging, P.C. v State Wide Ins. Co., 30 Misc 3d 127[A], 2010 NY Slip Op 52229[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2010]).
Accordingly, the order, insofar as appealed from, is reversed, the branch of plaintiff's motion seeking to recalculate, from a simple rate to a compound rate, an award of statutory no-fault interest in a judgment entered December 12, 2017, is granted and defendant's cross motion to vacate the judgment and dismiss the complaint is denied.
Aliotta, P.J., Weston and Toussaint, JJ., concur.